1

2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

3   SUZANNE NEWMAN, Individually and on
behalf of all others similarly situated,

4

Plaintiff,

5        v.

6   NETWORK EQUIPMENT TECHNOLOGIES,
INC., DAVID WAGENSELLER, DIXON R.

7   DOLL, C. NICHOLAS KEATING, JR.,
FREDERICK D'ALESSIO, DAVID R. LAUBE,

8   SONUS NETWORKS, INC., and NAVY
ACQUISITION SUBSIDIARY, INC.,

9

Defendants.

10

11

)   CASE NO. CV-12-3937-LHK
)
)
)
)   **[PROPOSED] ORDER**
)   **PRELIMINARILY APPROVING**
)   **SETTLEMENT AND PROVIDING FOR**
)   **NOTICE**
)
)   Hon: Lucy H. Koh
)
)   Hearing Date: August 1, 2013
)   Hearing Time: 1:30 PM
)
)
)
)
)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Parties, having applied for an order approving the proposed settlement (the "Settlement") of the above-captioned action (the "Action"), determining certain other matters in connection with the Settlement and dismissing the Action with prejudice, in accordance with the terms and conditions of the Stipulation of Settlement entered into by the Parties and dated February 20, 2013 (the "Stipulation"),

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with this Court and the Exhibits annexed thereto, and after due deliberation,

**IT IS HEREBY ORDERED** this 2 day of ___August___, 2013, that:

1.    **Definitions.**  Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2.    **Conditional Certification of the Class.**  For settlement purposes only, and pending the Settlement Hearing (defined below), the Action is temporarily certified pursuant to Rule 23 of the Federal Rules of Civil Procedure as a non-opt-out class action, with the class consisting of all record and beneficial owners of Network Equipment Technologies, Inc. ("NET" or the "Company") common stock, their respective successors and predecessors in interest,  representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, together with their predecessors and successors and assigns, who held NET common stock at any time between and including June 18, 2012 and August 24, 2012, but excluding Defendants and their respective affiliates (the "Class").   For purposes of settlement only, Plaintiff shall be certified as class representative, and Plaintiff's Counsel shall be certified as class counsel.

3.    **Settlement Hearing.**  A hearing (the "Settlement Hearing") shall be held before this Court on January 16, 2014 at 1 : 30p.m. at the United States District Court for the Northern District of California, San Jose Division, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, Courtroom 8 – 4th Floor to:

a.     determine whether the temporary class action certification herein should be made final;

b.     determine whether the Settlement should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class;

c.     determine whether an Order and Final Judgment should be entered pursuant to the Stipulation;

d.     consider the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses; and

e.     rule on such other matters as the Court may deem appropriate.

4.     **Court's Right to Adjourn Settlement Hearing.**  The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof, and retains jurisdiction over this Action to consider all further applications arising out of or connected with the proposed Settlement.

5.     **Court's Right to Approve Settlement.**  The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the Class.

6.     **Notice Procedures.**  Within fifteen (15) business days after the date of this Order, NET (or its insurer(s) or successor(s)) shall cause a notice of the Settlement Hearing in substantially the form annexed hereto as Exhibit A (the "Notice") to be mailed by United States first class mail, postage pre-paid, to all members of the Class who were record holders of NET common stock at their last known address appearing in the stock transfer records maintained by or on behalf of NET. All record holders in the Class who were not also the beneficial owners of the shares of NET common stock held by them of record shall be requested to forward the Notice to such beneficial owners of those shares.  NET (or its insurer(s) or successor(s)) shall use reasonable efforts to give notice to such beneficial owners by making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners.

[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT & NOTICE
CASE NO.  CV-12-3937-LHK

7.     **Approval of Notice.**  The form and method of notice provided for herein is the best notice practicable and constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such a notice.  Counsel for NET (or its insurer(s) or successor(s)) shall, at least ten (10) days prior to the Settlement Hearing directed herein, file with the Court an appropriate declaration with respect to the preparation and mailing of the Notice to the Class.

8.     **Stay of Proceedings.**  All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.  Pending final determination of whether the Settlement provided for in the Stipulation should be approved, Plaintiffs and all members of the Class are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action or proceeding asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against the Released Parties, except as provided herein.

9.     **Appearance at Settlement Hearing and Objections to Settlement.**  Any member of the Class who objects to the Settlement, the Order and Final Judgment to be entered in the Action, and/or Plaintiffs' Counsel's application for attorneys' fees, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard and no papers, briefs, pleadings or other documents submitted by any person shall be considered by the Court unless not later than 5 business days prior to the Settlement Hearing such person files with the Court and serves upon counsel listed below: (a) proof of his, her or its membership in the Class, (b) a written notice of intention to appear; (c) a statement of such person's objections to any matters before the Court; and (d) the grounds for such objections and the reasons that such person desires to appear and be heard as well as all documents or writings such person desires the Court to consider.  Such filings shall be served upon the following counsel:

Evan J. Smith
BRODSKY & SMITH, LLC
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212

*Attorneys for Plaintiff* SUZANNE NEWMAN

-and-

John C. Tang
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

*Attorneys for Defendants* **NETWORK EQUIPMENT TECHNOLOGIES, INC.,
DIXON R. DOLL, C. NICHOLAS KEATING, JR., FREDERICK D'ALESSIO,
DAVID R. LAUBE, AND DAVID WAGENSELLER**

-and-

John F. Batter III
WILMERHALE
60 State Street
Boston, MA 02109

*Attorneys for Defendants* **SONUS NETWORKS, INC.
AND NAVY ACQUISITION SUBSIDIARY, INC.**

10.     **Failure to Object.**  Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Plaintiffs and Plaintiffs' Counsel, any award of attorneys' fees to Plaintiffs' Counsel, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed in paragraph 9.  Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.

11.     **Filing of Documents in Support of Settlement.**  Plaintiff's' Counsel shall file all briefs and supporting papers in support of the Settlement, including their application for an award of attorneys' fees and expenses, no later than 30 days before the Settlement Hearing.  Defendants shall file all briefs and supporting papers in support of the Settlement no later than 21 days before

[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT & NOTICE
CASE NO. CV-12-3937-LHK

the Settlement Hearing.  Plaintiffs shall file any reply papers no later than 14 days before the Settlement Hearing.

12.  **Termination of Settlement.**  If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, then the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation), and the temporary class certification herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), as well as the Parties' August 16, 2012 Memorandum of Understanding ("MOU") and the Stipulation, shall be terminated and shall become void and of no further force and effect, except for the obligation of NET (or its insurer(s) or successor(s)) to pay for any expenses incurred in connection with the Notice and administration provided for by this Scheduling Order.  In that event, neither the MOU nor the Stipulation, nor any provision contained in the MOU or Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an admission or received as evidence in this or any other action or proceeding.

13.  **No Admissions by the Parties.**  The MOU and the Stipulation, and any negotiations, statements, or proceedings in connection therewith, shall not be construed or deemed evidence of, a presumption, concession, or admission by any Released Person or any other person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action or otherwise, or that Plaintiffs or Plaintiffs' counsel, the Class or any present or former stockholders of the Company, or any other person, has suffered any damage attributable in any manner to any Released Person.  The MOU and the Stipulation and any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Action or otherwise, except as may be necessary to enforce or obtain Court approval of the Settlement.

14.  **Extension of Deadlines.**  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class members.

Dated: __August 2___, 2013          BY THE COURT:

_Lucy H. Koh_____

Hon. Lucy H. Koh
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT & NOTICE
CASE NO.  CV-12-3937-LHK

# Exhibit A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  | SUZANNE NEWMAN, Individually and | Case No. CV-12-3937-LHK |
    on behalf of all others similarly situated,

12  |                                  | **NOTICE OF PENDENCY OF CLASS** |
    |          **Plaintiff,**          | **ACTION, PROPOSED SETTLEMENT** |
13  |                                  | **OF CLASS ACTION, AND** |
    | v.                               | **SETTLEMENT HEARING** |
14  |
    | **NETWORK EQUIPMENT**
15  | **TECHNOLOGIES, INC., DAVID**
    | **WAGENSELLER, DIXON R. DOLL, C.**
16  | **NICHOLAS KEATING, JR.,**
    | **FREDERICK D'ALESSIO, DAVID R.**
17  | **LAUBE, SONUS NETWORKS, INC., and** | COMPLAINT FILED:  JULY 26, 2012
    | **NAVY ACQUISITION SUBSIDIARY,**
18  | **INC.,**
    |
19  |          **Defendants.**

20

21  __NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT OF CLASS__
    __ACTION, AND SETTLEMENT HEARING__

22

23  TO:   ANY AND ALL RECORD AND BENEFICIAL HOLDERS OF NETWORK
          EQUIPMENT TECHNOLOGIES, INC. ("NET") COMMON STOCK, THEIR
24        RESPECTIVE SUCCESSORS AND PREDECESSORS IN INTEREST,
          REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, HEIRS,
25        ASSIGNS OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON
          OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER ANY OF
26        THEM, AND EACH OF THEM, TOGETHER WITH THEIR PREDECESSORS AND
          SUCCESSORS AND ASSIGNS, WHO HELD NET COMMON STOCK AT ANY TIME
27        BETWEEN AND INCLUDING JUNE 18, 2012 AND AUGUST 24, 2012, BUT
          EXCLUDING DEFENDANTS AND THEIR RESPECTIVE AFFILIATES (THE
28        "CLASS").

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A LAWSUIT AND CONTAINS IMPORTANT INFORMATION. YOUR RIGHTS WILL BE AFFECTED BY THESE LEGAL PROCEEDINGS IN THIS LITIGATION. IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS, AND ADEQUACY OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS (DEFINED HEREIN).

IF YOU WERE NOT THE BENEFICIAL OWNER OF COMMON STOCK OF NET BUT HELD SUCH STOCK FOR A BENEFICIAL OWNER, PLEASE TRANSMIT THIS DOCUMENT PROMPTLY TO SUCH BENEFICIAL OWNER.

The purpose of this Notice is to inform you of:

(1) A proposed settlement (the "Settlement") of the above-captioned action (the "Newman Action"), the action captioned *Bruno v. Network Equipment Technologies, Inc., et al.*, Case No. 7643-VCL, pending in the Court of Chancery of the State of Delaware (the "Bruno Action"), and the action captioned *Rogers v. Keating, et al.*, Case No. RG12638516, pending in the Superior Court of California for Alameda County (the "Rogers Action," together with the Newman Action and the Bruno Action, the "Actions"); and

(2) A hearing to be held before the United States District Court for the Northern District of California, San Jose Division, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, Courtroom 8 – 4th Floor, on January 16, 2014, at 1:30 p.m. (the "Settlement Hearing").

The purpose of the Settlement Hearing is to determine: (a) whether the U.S. District Court for the Northern District of California (the "Northern District of California Court") should finally certify the Class for purposes of the Settlement; (b) whether the Northern District of California Court should approve the proposed Settlement; (c) whether the Northern District of California Court should enter an Order and Final Judgment dismissing the claims asserted in the Newman Action on the merits and with prejudice as against Plaintiffs and the Class and effectuating the releases described below; (d) whether the Northern District of California Court should grant the application of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses; and (e) such other matters as may properly come before the Northern District of California Court.

- 2 -

If you are a member of the Class, this Notice will inform you of how, if you so choose, you may enter your appearance in the Newman action or object to the proposed Settlement and have your objection heard at the Settlement Hearing.

If the Northern District of California Court approves the Settlement, the parties will ask the Northern District of California Court at the Settlement Hearing to enter an Order and Final Judgment dismissing the Newman Action with prejudice in accordance with the terms of the Stipulation.  Additionally, in the event the Northern District of California Court approves the Settlement, the parties to the Bruno Action and the Rogers Action have agreed to seek dismissal with prejudice of those actions.

The Northern District of California Court has the right to adjourn the Settlement Hearing without further notice.  The Northern District of California Court also has the right to approve the Settlement with or without modifications, and to enter its final judgment dismissing the Newman Action on the merits and with prejudice and to order the payment of attorneys' fees and expenses without further notice.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES.  IT IS BASED ON STATEMENTS OF THE PARTIES AND IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THIS ACTION AND OF A HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY, OR MAY NOT, WISH TO TAKE IN RELATION TO THIS ACTION.**

<u>**Your Legal Rights and Options in this Settlement**</u>

| | |
|---|---|
| **OBJECT** | You may send a written objection as set forth in Section II(A) to the Court if you do not like this Settlement. |
| **GO TO THE SETTLEMENT HEARING** | You may ask to speak to the Court about your concerns relating to the Settlement at the Settlement Hearing. |
| **DEADLINES** | The Settlement Hearing is scheduled for January 16, 2014, at 1:30 p.m.   Objections to the Settlement must be received on or before January 9, 2014. |
| **MORE INFORMATION** | More information concerning the Settlement can be obtained by contacting Plaintiff's Counsel. |

<u>**What this Notice Contains**</u>

I.      BASIC INFORMATION.................................................................................. 5

    A.      Background and Description of the Actions ....................................... 5

    B.      Reasons for the Settlement ................................................................ 7

    C.      Summary of the Settlement Terms ..................................................... 8

II.     THE SETTLEMENT HEARING .................................................................. 8

    A.      Right to Appear and Object .............................................................. 9

        1.      The Settlement and Plaintiffs' Counsel's Application for Attorneys' Fees ............................................................................ 9

        2.      The Dismissal of the Bruno Action and the Rogers Action ................ 10

    B.      The Final Order and Judgment ....................................................... 11

    C.      Releases ........................................................................................... 11

    D.      Application for Attorneys' Fees and Expenses ................................ 14

III.    SPECIAL Notice to Persons or Entities That Held Ownership on Behalf of Others 14

IV.     Scope of this Notice and Additional Information ........................................ 14

I.      **BASIC INFORMATION**

     A.      <u>**Background and Description of the Actions**</u>

On June 19, 2012, Network Equipment Technologies, Inc. ("NET" or the "Company") and Sonus Networks, Inc. ("Sonus") issued a joint press release announcing that they had entered into a definitive agreement (the "Merger Agreement") for Sonus to acquire NET in a cash merger at a purchase price of $1.35 per share (the "Transaction").

On June 21, 2012, a purported NET shareholder filed a purported class action complaint in the Court of Chancery of the State of Delaware against NET, NET's directors and an executive officer, Sonus and Navy Acquisition Subsidiary, Inc. ("Merger Sub") in connection with the Transaction (the Bruno Action, identified above).  The Bruno Action alleged that Defendants breached and/or aided and abetted the breach of their fiduciary duties to NET shareholders, by seeking to sell NET through an allegedly unfair process and allegedly for an unfair price and on unfair terms.

On or about July 6, 2012, Plaintiff Bruno served Defendants with Plaintiff's First Request for the Production of Documents Directed to Defendants, and served subpoenas on NET's financial advisors for the production of documents and deposition.

On July 10, 2012, a purported NET shareholder filed a purported class action complaint in the Superior Court of California for Alameda County against NET, NET's directors, Sonus and the Merger Sub in connection with the Transaction (the Rogers Action, identified above).  The Rogers Action alleged that Defendants breached and/or aided and abetted the breach of their fiduciary duties to NET shareholders, by seeking to sell NET through an allegedly unfair process and allegedly for an unfair price and on unfair terms.

On July 11, 2012, NET filed with the Securities and Exchange Commission (the "SEC") a preliminary proxy statement in connection with the Transaction.  On July 24, 2012, NET filed with the SEC a definitive proxy statement in connection with the Transaction.

On July 26, 2012, a purported NET shareholder filed a purported class action complaint in the United States District Court for the Northern District of California against NET, NET's directors and an executive officer, Sonus and Merger Sub in connection with the Transaction (the

NOTICE OF SETTLEMENT;
CASE NO. CV-12-3937-LHK

Newman Action, identified above).  The Newman Action alleged that Defendants breached and/or aided and abetted the breach of their fiduciary duties to NET shareholders, by seeking to sell NET through an allegedly unfair process and allegedly for an unfair price and on unfair terms. In addition, the Newman Action alleges material omissions from NET's proxy statement disclosure in connection with the Transaction.

The Bruno Plaintiff, Rogers Plaintiff, and Newman Plaintiff are referred to together as the "Plaintiffs," and the Bruno Plaintiff's Counsel, Rogers Plaintiff's Counsel, and Newman Plaintiff's Counsel are referred to together as "Plaintiffs' Counsel."

The Actions sought, among other things, equitable relief that would enjoin the consummation of the Transaction, rescission of the merger, damages (including rescissory damages), and attorney's fees and costs.

On August 15, 2012, NET produced confidential, non-public documents to Plaintiffs' counsel in the Actions, based on Plaintiffs' counsel's agreement to treat the documents as confidential consistent with terms of the Parties' [Proposed] Stipulated Protective Order filed in the Newman Action on November 13, 2012 (the "Protective Order").

Plaintiffs and Defendants in the Actions (collectively, the "Parties"), acting through their respective counsel, engaged in extensive arm's-length negotiations concerning a possible settlement of the Actions.

After negotiations, on August 16, 2012, counsel for the Parties reached an agreement in principle, set forth in a Memorandum of Understanding ("MOU"), providing for the settlement of the Actions and all claims which were or could have been asserted therein, between and among Plaintiffs, on behalf of themselves and the putative Class (as defined above) in each of the Actions, and Defendants on the terms and subject to the conditions set forth therein, including confirmatory discovery.

In consideration for the MOU and in order to achieve a resolution of the Actions, on August 16, 2012, NET filed with the U.S. Securities and Exchange Commission (the "SEC") a Form 8-K, as well as Additional Definitive Materials on Schedule 14A, which included certain

supplemental information (the "Supplemental Disclosures") that were required by the MOU and that Plaintiffs' counsel asserted during settlement negotiations should be the subject of supplemental disclosures by NET.

On August 23, 2012, the shareholders of NET adopted the Merger Agreement and approved the Transaction.

On August 24, 2012, the business combination of NET and Sonus pursuant to the terms of the Merger Agreement was completed.  At the effective time of the Merger, Merger Sub merged with and into NET, with NET continuing as the surviving entity and a wholly owned subsidiary of Sonus.

Subsequently, Plaintiffs' Counsel conducted confirmatory discovery, which included the production by NET of additional confidential, non-public documents to Plaintiffs' counsel in the Actions, subject to the terms of the Protective Order, as well as the deposition of a representative of NET's financial advisor in the Transaction, and the deposition of a member of NET's board of directors.

On February 20, 2013, the parties to the Actions entered into a Stipulation of Settlement (the "Stipulation"), memorializing in full the terms of the Settlement.

On March 7, 2013, the parties to the Actions reached an agreement concerning the amount of Plaintiffs' attorneys' fees in the Actions to which Defendants would not object.

On ___August 2___, 2013, the Northern District of California Court entered an order temporarily certifying the Class and directing NET (or its insurer(s) or successor(s)) to provide this Notice of the Settlement Hearing.

**B.      Reasons for the Settlement**

Plaintiffs' Counsel believe, based on proceedings to date, that the claims asserted in the Actions had substantial merit, but recognize that Defendants would continue to assert legal and factual defenses to their claims.  Plaintiffs' Counsel believe that the Supplemental Disclosures published pursuant to the Settlement provided substantial benefits and allowed the stockholders of NET to cast a materially more well-informed vote on the Transaction.

On the basis of information available to them, including publicly available information,

- 7 -

their investigation, and the discovery referenced herein, and consultation with their independent financial advisor, Plaintiffs and Plaintiffs' Counsel took into consideration the strengths and weaknesses of Plaintiffs' claims and determined that the Settlement terms herein are fair, reasonable and adequate, and in the best interest of the Class.  Plaintiffs' Counsel have been afforded the opportunity to conduct, and have completed, such discovery as Plaintiffs' counsel believe is appropriate to enable them to confirm the fairness, reasonableness and adequacy of the terms of the Settlement.

The Defendants each have denied, and continue to deny, that they have committed or aided and abetted in the commission of any violation of law or engaged in any of the wrongful acts alleged in the Actions, and maintain that they diligently and scrupulously complied with their fiduciary and other legal duties.  At the same time, the Defendants recognized that entering into the Settlement would eliminate the burden and expense of further litigation and would put the claims asserted by the Plaintiffs to rest finally and forever.

## C.   Summary of the Settlement Terms

As a result of, among other things, the prosecution of the Actions and discussions between and among the Parties, it was agreed that in consideration for the full and final settlement and release of all Released Claims (as defined in the Stipulation) by Plaintiffs and the Class and the dismissal with prejudice of the Actions, Defendants would amend and did amend NET's proxy statement by publication of a Form 8-K on August 16, 2012, to include the Supplemental Disclosures, which concern certain topics raised by Plaintiffs in the Actions.  Defendants acknowledge that Plaintiffs' claims, and the prosecution thereof, caused NET to make the Supplemental Disclosures in the Form 8-K on August 16, 2012.

## II.   THE SETTLEMENT HEARING

The Settlement Hearing shall be held on January 16, 2014 at 1 :30 p.m. at the United States District Court for the Northern District of California, San Jose Division, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, Courtroom 8 – 4th Floor to: (a) determine whether the temporary class action certification herein should be made final;

1    (b) determine whether the Settlement should be approved by the Northern District of California

2    Court as fair, reasonable, adequate and in the best interests of the Class; (c) determine whether an

3    Order and Final Judgment should be entered pursuant to the Stipulation; (d) consider the

4    application of Plaintiffs' Counsel for an award of attorneys' fees and expenses; and (e) rule on

5    such other matters as the Northern District of California Court may deem appropriate.  The

6    Northern District of California Court reserves the right to adjourn the Settlement Hearing or any

7    adjournment thereof, including the consideration of the application for attorneys' fees, without

8    further notice of any kind other than oral announcement at the Settlement Hearing or any

9    adjournment thereof

10        The Northern District of California Court reserves the right to approve the Settlement at or

11   after the Settlement Hearing with such modification(s) as may be consented to by the parties to

12   the Stipulation and without further notice to the Class.

13        **A.**     **Right to Appear and Object**

14             **1.**     **The Settlement and Plaintiffs' Counsel's Application for Attorneys'**
15                       **Fees**

16        Any member of the Class who objects to the Settlement, the Order and Final Judgment to

17   be entered in the Newman Action, and/or Plaintiffs' Counsel's application for attorneys' fees, or

18   who otherwise wishes to be heard, may appear in person or by his or her attorney at the

19   Settlement Hearing and present evidence or argument that may be proper and relevant; provided,

20   however, that, except for good cause shown, no person shall be heard and no papers, briefs,

21   pleadings or other documents submitted by any person shall be considered by the Northern

22   District of California Court unless not later than 5 business days prior to the Settlement Hearing

23   such person files with the Northern District of California Court and serves upon counsel listed

24   below: (a) proof of his, her or its membership in the Class, (b) a written notice of intention to

25   appear; (c) a statement of such person's objections to any matters before the Northern District of

26   California Court; and (d) the grounds for such objections and the reasons that such person desires

27   to appear and be heard as well as all documents or writings such person desires the Northern

28   District of California Court to consider.  Such filings shall be served upon the following counsel:

NOTICE OF SETTLEMENT;
CASE NO. CV-12-3937-LHK

Evan J. Smith
BRODSKY & SMITH, LLC
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212

*Attorneys for Plaintiff* **SUZANNE NEWMAN**

-and-

John C. Tang
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

*Attorneys for Defendants* **NETWORK EQUIPMENT TECHNOLOGIES, INC.,
DIXON R. DOLL, C. NICHOLAS KEATING, JR., FREDERICK D'ALESSIO,
DAVID R. LAUBE, AND DAVID WAGENSELLER**

-and-

John F. Batter III
WILMERHALE
60 State Street
Boston, MA 02109

*Attorneys for Defendants* **SONUS NETWORKS, INC.
AND NAVY ACQUISITION SUBSIDIARY, INC.**

Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Plaintiffs and Plaintiffs' Counsel, any award of attorneys' fees to Plaintiffs' Counsel, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.

**2.      The Dismissal of the Bruno Action and the Rogers Action**

The Northern District of California Court is the only court that will review the fairness of the Settlement and whether it should be approved. Any member of the Class who wishes to object to the Settlement must provide notice as described in the preceding section, "The Settlement and Plaintiffs' Counsel's Application for Attorneys' Fees." Within ten days of the Final Approval of the Settlement of the Newman Action, Plaintiff's counsel in the Rogers Action and the Bruno Action will move the California Superior Court for Alameda County and the Court

- 10 -

of Chancery of the State of Delaware, respectively, to dismiss each of the Rogers Action and the Bruno Action with prejudice on grounds of res judicata, judgment, bar and release, or other applicable doctrine.

**B.**   **The Final Order and Judgment**

If the Northern District of California Court determines that the Settlement, as provided for in the Stipulation, is fair, reasonable, adequate and in the best interests of the Class, the parties to the Newman Action will ask the Northern District of California Court to enter the Order and Final Judgment, which will, among other things:

a.   approve the Settlement as fair, reasonable, adequate and in the best interests of the Class and direct consummation of the Settlement in accordance with its terms and conditions;

b.   permanently certify the Newman Action as a mandatory, non-opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and designate the Newman Plaintiff as the class representative with Plaintiffs' Counsel as class counsel;

c.   determine that the requirements of the rules of the Northern District of California Court and due process have been satisfied in connection with this Notice;

d.   dismiss the Newman Action with prejudice on the merits and grant the releases more fully described below in accordance with the terms and conditions of the Stipulation; and

e.   award attorneys' fees and expenses to Plaintiffs' Counsel.

"Final Approval", as that term is used herein, means that each condition set forth in the preceding paragraph has been satisfied, including that the Northern District of California Court has entered an order approving the Settlement and that such order is finally affirmed on appeal or is no longer subject to appeal and the time for any petition for reargument, appeal or review, by *certiorari* or otherwise, has expired.

**C.**   **Releases**

The Stipulation provides that upon Final Approval of the Settlement and in consideration

NOTICE OF SETTLEMENT;
CASE NO. CV-12-3937-LHK

of the benefits provided by the Settlement:

The Order and Final Judgment shall, among other things, bar, among other things, any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in the Actions or in any other court, tribunal or proceeding (including but not limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law) by or on behalf of Plaintiffs, the Class, or any member of the Class, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity (collectively, the "Releasing Persons") against Defendants, or any of their families, parent entities, controlling persons, associates, affiliates, successors or subsidiaries, and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, insurers, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons"), which have arisen, could have arisen, arise now or hereafter may arise out of or relate in any manner to the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations or omissions or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Actions, the Transaction, the Merger Agreement and the

NOTICE OF SETTLEMENT;
CASE NO. CV-12-3937-LHK

transactions contemplated therein, or disclosures made in connection therewith (including the adequacy and completeness of such disclosures) (collectively, the "Released Claims"); provided, however, that the Released Claims shall not include any claims to enforce the Settlement or any claims for appraisal properly asserted by NET stockholders.

The Order and Final Judgment also contain a provision that the Released Persons release Plaintiffs, members of the Class and their counsel from all claims arising out of the commencement, prosecution, settlement or resolution of the Actions; provided, however, that the Defendants and Released Persons shall retain the right to enforce the terms of the Stipulation.

The releases contemplated by the Stipulation shall extend to claims that the releasing parties know or suspect to exist at the time of the release, which if known, might have affected their decision to enter into the release or whether or how to object to the Settlement.  The Settlement is intended to extinguish all Released Claims and, consistent with such intentions, the Releasing Persons shall waive their rights to the fullest extent permitted by state law, federal law, foreign law or any principle of common law that may have the effect of limiting the release set forth above.  This shall include a waiver by the Releasing Persons of any rights pursuant to § 1542 of the California Civil Code (or any similar, comparable or equivalent provision) which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Persons acknowledge that they or members of the Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as plaintiffs and on behalf of the Class, to fully, finally and forever settle and release any and all claims released hereby, whether known or unknown, suspected or unsuspected, which now exist or heretofore existed or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

**D.**   **Application for Attorneys' Fees and Expenses**

Plaintiffs' Counsel intend to apply to the Northern District of California Court for an award of attorneys' fees and expenses. Defendants have agreed not to oppose any such application by Plaintiffs' counsel for an award of fees and expenses in an amount not to exceed $250,000.  Subject to approval of the Northern District of California Court, NET (or its insurer(s) or successor(s)) on behalf of and for the benefit of Defendants agrees to pay such attorneys' fees and expenses as the Northern District of California Court may award to Plaintiffs' counsel upon such application.  Any attorneys' fees and expenses that may be awarded by the Northern District of California Court will not be paid by you or other Class members as NET (or its insurer(s) or successor(s)) will be obligated to pay those costs, fees or expenses.

It is not a condition of the Settlement that Plaintiffs' Counsel's application for fees and expenses be granted in any respect.  The Northern District of California Court may consider and rule upon the fairness, reasonableness and adequacy of the Settlement independently of any award of attorneys' fees and expenses.

Except for the attorneys' fees and expenses referred to above and the costs of providing and administering this notice, Defendants shall not be required to bear any other expenses, costs, damages, or fees alleged or incurred by Plaintiffs, by any member of the Class, or by any of their attorneys, experts, advisors, agents, or representatives.  Defendants shall have no responsibility for, and no liability with respect to, the allocation of fees or expenses among counsel for Plaintiffs and/or any other person who may assert a claim to the Fee Award.

**III.**   **SPECIAL NOTICE TO PERSONS OR ENTITIES THAT HELD OWNERSHIP ON BEHALF OF OTHERS**

Brokerage firms, banks and/or other persons or entities who held shares of the common stock of NET at any time between and including June 18, 2012 and August 24, 2012, the date of the consummation of the Transaction, for the benefit of others are requested promptly to send this Notice to all of their respective beneficial owners.

**IV.**   **SCOPE OF THIS NOTICE AND ADDITIONAL INFORMATION**

This Notice is not all-inclusive.  The references in this Notice to the pleadings in the

NOTICE OF SETTLEMENT;
CASE NO. CV-12-3937-LHK

Actions, the Stipulation, and other papers and proceedings are only summaries and do not purport

to be comprehensive.  For the full details of the Actions, claims that have been asserted by the

Parties, and the terms and conditions of the Settlement, including a complete copy of the

Stipulation, members of the Settlement Class are referred to the documents filed with the

Northern District of California Court in the Newman Action.  You or your attorney may examine

the documents filed in the Newman Action during regular business hours of each business day at

the office of the Office of the Clerk, United States District Court, Northern District of California,

450 Golden Gate Avenue, San Francisco, CA 94102-3489.

Inquiries or comments about the Settlement may be directed to the attention of Plaintiffs'

Counsel as follows:

Evan J. Smith
BRODSKY & SMITH, LLC
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212

**PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

Date:   August 2               , 2013

BY ORDER OF THE COURT

*Lucy H. Koh*

Hon. Lucy H. Koh
District Judge for the Northern District of California

NOTICE OF SETTLEMENT;
CASE NO. CV-12-3937-LHK