Evan J. Smith
**BRODSKY & SMITH, LLC**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE NEWMAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETWORK EQUIPMENT TECHNOLOGIES, INC., DAVID WAGENSELLER, DIXON R. DOLL, C. NICHOLAS KEATING, JR., FREDERICK D'ALESSIO, DAVID R. LAUBE, SONUS NETWORKS, INC., and NAVY ACQUISITION SUBSIDIARY, INC.,<br><br>Defendants. | Case No. 12-CV-3937-LHK<br><br>**DECLARATION OF EVAN J. SMITH IN RESPONSE TO COURT'S REQUEST FOR SUPPLEMENTAL INFORMATION IN FURTHER SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

I, Evan J. Smith, hereby declare, pursuant to 28 U.S.C. § 1746, that:

1.      I am a member of the firm of Brodsky & Smith, LLC.  I am submitting this Declaration in response to the Court's January 17, 2014 request for supplemental information in support of the application for an award of attorneys' fees in connection with services rendered in the above-captioned.

2.      Attached hereto as Exhibit A is a true and correct copy of the Brower Piven declaration in further support of the settlement and the requested award of attorneys' fees and expenses.

3.      Attached hereto as Exhibit B is a true and correct copy of the Brodsky & Smith, LLC declaration in further support of the settlement and the requested award of attorneys' fees and expenses.

4.      Attached hereto as Exhibit C is a true and correct copy of the Pomerantz Grossman Hufford Dahlstrom & Gross LLP declaration in further support of the settlement and the requested award of attorneys' fees and expenses.

5.      Attached hereto as Exhibit D is a true and correct copy of the Levi Korsinsky LLP declaration in further support of the settlement and the requested award of attorneys' fees and expenses.

6.      Attached hereto as Exhibit E is a true and correct copy of the Cooch & Taylor P.A. declaration in further support of the settlement and the requested award of attorneys' fees and expenses.

7.      Attached hereto as Exhibit F is a true and correct copy of the Finkelstein Thompson LLP declaration in support of the settlement and the requested award of attorneys' fees and expenses.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 24th day of January, 2014.

*/s Evan J. Smith*

**ATTESTATION**

I, Evan J. Smith, am the ECF user whose ID and password are being used to file the foregoing document.  In compliance with Local Order 5-1(i), I hereby attest that Rosemary Rigas has concurred in this filing (her e-signed declaration is attached hereto) and that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) with this efiled document.

*/s/ Evan J. Smith*

# EXHIBIT "A"

1  Evan J. Smith
2  **BRODSKY & SMITH, LLC**
   9595 Wilshire Boulevard, Suite 900
3  Beverly Hills, CA 90212
   Telephone: (877) 534-2590
4  Facsimile: (310) 247-0160

5
   *Attorneys for Plaintiff*
6

7                    **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
8                         **SAN JOSE DIVISION**

9   SUZANNE NEWMAN, Individually and on       )
    behalf of all others similarly situated,   )
10                                              )   Case No. 12-CV-3937-LHK
                         Plaintiff,             )
11                                              )
                                                )
12             v.                               )   **DECLARATION OF BRIAN C.**
                                                )   **KERR IN FURTHER SUPPORT OF**
13  NETWORK EQUIPMENT                           )   **APPLICATION FOR ATTORNEYS'**
    TECHNOLOGIES, INC., DAVID                   )   **FEES AND REIMBURSEMENT OF**
14  WAGENSELLER, DIXON R. DOLL, C.              )   **EXPENSES**
    NICHOLAS KEATING, JR., FREDERICK            )
15  D'ALESSIO, DAVID R. LAUBE, SONUS            )
    NETWORKS, INC., and NAVY                    )
16  ACQUISITION SUBSIDIARY, INC.,               )
                                                )
17                       Defendants.            )
                                                )
18  _____    )
                                                )
19

20        I, Brian C. Kerr, hereby declare, pursuant to 28 U.S.C. § 1746, that:

21        1.      I am a Director with the firm of Brower Piven, A Professional Corporation

22  ("Brower Piven").  I am submitting this Declaration in further support of the application

23  for an award of attorneys' fees in connection with services rendered in the above-

24  captioned action and for the reimbursement of expenses that are related to the

25  investigation, prosecution, and settlement of claims in the course of this action through

26  February 20, 2013, the date of the parties entered into Stipulation of Settlement, which

27  memorialized in full the terms of the proposed Settlement.

28

2.

As an initial matter, I wish to clarify one thing that I said during my presentation at the final approval hearing on January 16, 2014. I stated that Plaintiffs' counsel's fee application included all time up until the time of Plaintiffs' final approval motion on December 17, 2013 – with the exception of time spent on Plaintiffs' fee application. That statement was not entirely accurate. With the exception of one firm, Plaintiffs' Counsel only submitted time through the date that the settlement stipulation was executed (February 20, 2013). The basis for my statement at the hearing was the fact that I had observed one of the firms (Pomerantz) included a time chart with their fee declaration that seemed to use December 13, 2013 as the cut-off date for their time. I now understand after speaking with counsel at Pomerantz that the December 13 reference on the report was an error, and they have revised declaration so that (as with all of the other declarations) only time through February 20, 2013 is now being submitted. Thus, any time spent on preliminary approval and final approval of the settlement (including travel time) has not been included in the fee application. Based on the revised Pomerantz declaration, the total hourly charges of Plaintiffs' Counsel in this Action, on a current basis (i.e., their "lodestars"), is $238,848.25 on 429.95 hours of time.  On an hourly basis, therefore, the requested fee of $250,000.00 (which is an all-in number including expenses) is equivalent to a relatively modest multiplier of 1.0048 of the collective time charges of Plaintiffs' Counsel.

3.     The document annexed hereto as Exhibit A is a copy of my firm's detailed time records for this matter, indicating the number of hours spent by the lawyers at my firm on this litigation, their respective hourly rates, a description of the work performed, and the resulting lodestar calculation. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm. Any time after the date of the Settlement Stipulation (including any time spent in connection with plaintiffs' counsel's fee application) is not included in the chart.

4.      As set forth in Exhibit A, the amount of time spent on this litigation by my firm since the inception of this case through the date of the February 20, 2013 settlement agreement is 131.30 hours.  The lodestar amount for lawyer, law clerk, and paralegal time, which is detailed in Exhibit A, is $82,555.00 based on my firm's current hourly rates. The detail is summarized as follows:

| NAME AND STATUS | YEAR OF LAW SCHOOL GRADUATION | RATE | TOTAL HOURS | TOTAL LODESTAR |
|---|---|---|---|---|
| Charles J. Piven (MD) | 1975 | $800.00 | 1.40 | $1,120.00 |
| Brian C. Kerr (D) | 1996 | $725.00 | 59.80 | $43,355.00 |
| Andrew Wilmar (A) | 2001 | $650.00 | 38.00 | $24,700.00 |
| Charles Noah Insler (A) | 2006 | $550.00 | 13.10 | $7,205.00 |
| Saira Hussain (A) | 2011 | $325.00 | 19.00 | $6,175.00 |
| Total: | | | 131.30 | $82,555.00 |

5.      A copy of my firm's biography, and biographies of the attorneys involved in this action, is attached hereto as Exhibit B.

6.      Brower Piven's billing rates are consistent with (and, indeed, lower than) rates charged in the communities in which they practice and in the New York legal community. In fact, Brower Piven's rates have been approved by numerous courts. *See, e.g., Landmen Partners Inc. v. The Blackstone Group L.P.,* 1:08-cv-03601-HB-FM (S.D.N.Y. Dec. 19, 2013) (order granting motion for attorneys' fees); *Gomez v. Bidz.com,* Lead Case No. CV09-03216 CBM-Ex (C.D. Cal. Oct. 11, 2013) (same); *Freudenberg v. E\*TRADE Fin'l Corp.,* 1:07-cv-08538-JPO-MHD (S.D.N.Y. Oct. 22, 2012) (same); *In re Cell Therapeutics, Inc. Class Action Litig.,* 2:10-cv-00414-MJP (W.D. Wa. July 25, 2012) (same).

7.      Brower Piven's rates are also commensurate with (and, indeed, lower than) rates charged by attorneys of comparable skill, reputation and experience who specialize

in the defense of securities fraud litigation. Reliable data on large national defense firm's billing rates is difficult to obtain. For example, the National Law Journal attempts an annual survey of such rates, but of the 250 largest firms that it attempted to survey, it apparently received responses from 119 firms in 2007,[1] from 127 firms in 2008,[2] from 62 firms in 2011,[3] and from just 55 firms in 2012.[4]   Moreover, absent from all of the surveys in 2007 through 2012 were any of the New York-based firms that regularly engage in the defense of nationwide securities class actions (presumably because they refused to respond), including such firms as New York's Skadden, Arps, Slate, Meagher & Flom, Paul, Weiss, Rifkind, Wharton & Garrison, Cravath, Swaine & Moore, Wachtel, Lipton, Rosen & Katz, Sullivan & Cromwell and Simpson Thatcher. Although absent from the 2009-2012 surveys, the 2008 survey did include White & Case, a firm that often engages in the field. According to that survey, partner rates in 2008 at that firm already ranged from $550-$1,260 per hour (average $747) and associate rates ranged from $160-$920 per hour (average $456),[5]  and these rates have certainly risen in the past four and a half years.

---

[1] *See* National Law Journal, "A Nationwide Sampling of Law Firm Billing Rates." Weblog. The National Law Journal. Dec. 10, 2007, available at www.law.com/jsp/nlj/PubArticlePrinterFriendlyNLJ.jsp?id=1197021870294.

[2] *See* National Law Journal, "A Nationwide Sampling of Law Firm Billing Rates." Weblog. The National Law Journal. Dec. 8, 2008, available at www.law.com/jsp/nlj/PubArticleNLJ.jsp?id=1202436055916&hbxlogin=1.

[3] *See* National Law Journal, "A Nationwide Sampling of Law Firm Billing Rates." Weblog. The National Law Journal. Dec. 19, 2011, available at www.law.com/jsp/nlj/PubArticleNLJ.jsp?id=1202535946626.

[4] *See* National Law Journal, "A Nationwide Sampling of Law Firm Billing Rates." Weblog. The National Law Journal. Dec. 17 2012, available at www.http://www.law.com/jsp/nlj/PubArticleNLJ.jsp?id=1202581266427.

[5] *See supra* at n.2.

8.      Moreover, according to a December 2009 report and survey,[6] the rates for bankruptcy lawyers at the firms that regularly represent defendants in securities class actions and shareholder litigation had already topped $1,000 per hour almost four years ago.

9.      Finally, I note, that my firm (including myself) represent hourly clients in prospective and actual litigation. We bill those clients at the same current hourly rates in effect at the time those services are provided.  My firm may be somewhat unique among plaintiffs' securities litigation firms, representing both contingent and hourly clients.  As the firm resume indicates, *see* Exhibit B, we have represented, *inter alia*, corporate clients in litigation, including large multinational electronics and hotel companies and directors of companies in connection with shareholder litigation.  My firm sets its rates, therefore, not solely for contingent litigation, but for all of our clients based upon the skill, experience, and reputation of the attorneys at my firm in context of the broader competitive marketplace for our services in the field in which we practice.

10.      As previously set forth in my original declaration, my firm has expended a total of $1,017.90 in expenses in connection with the prosecution of this litigation, broken down in Exhibit C. The expense information shown in Exhibit C accurately summarizes information contained in the financial records of my firm, kept in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 24th day of January 2014.

_____
BRIAN C. KERR

---

[6] *See* Kolz, Amy, "Bankruptcy Rates Top $1,000 Mark In 2008-09." Weblog. The Am Law Daily. Dec. 12 2009, available at www.law.com/jsp/law/LawArticleFriendly.jsp?id=1202436371636.

# EXHIBIT A

Network Equipment

Brower Piven, A Professional Corporation

| DATE | TIMEKEEPER | DESCRIPTION | HOURS | RATE | LODESTAR |
|---|---|---|---|---|---|
| 6/19/2012 | Brian Kerr | Research new case | 1.20 | $ 725.00 | $ 870.00 |
| 6/20/2012 | Brian Kerr | o/c's re new case | 0.60 | $ 725.00 | $ 435.00 |
| 6/20/2012 | Saira Hussain | Draft complaint | 2.00 | $ 325.00 | $ 650.00 |
| 6/21/2012 | Charles Piven | Cs w/MH re: voicemail messages | 0.10 | $ 800.00 | $ 80.00 |
| 6/22/2012 | Brian Kerr | o/c's re new case | 0.40 | $ 725.00 | $ 290.00 |
| 6/22/2012 | Charles Piven | Rvw ISS case summary | 0.10 | $ 800.00 | $ 80.00 |
| 7/3/2012 | Brian Kerr | Review complaint | 0.70 | $ 725.00 | $ 507.50 |
| 7/3/2012 | Charles Piven | Cs w/counsel re: potential client | 0.10 | $ 800.00 | $ 80.00 |
| 7/6/2012 | Brian Kerr | Review complaint | 0.80 | $ 725.00 | $ 580.00 |
| 7/10/2012 | Brian Kerr | Attn to retainer, etc. | 0.90 | $ 725.00 | $ 652.50 |
| 7/10/2012 | Charles Piven | Cs w/counsel re: clients' signed documents; Rvw same | 0.10 | $ 800.00 | $ 80.00 |
| 7/12/2012 | Brian Kerr | Review & edit complaint | 2.30 | $ 725.00 | $ 1,667.50 |
| 7/12/2012 | Charles Piven | Cs w/counsel re: prelim proxy | 0.10 | $ 800.00 | $ 80.00 |
| 7/12/2012 | Saira Hussain | Draft complaint | 1.50 | $ 325.00 | $ 487.50 |
| 7/18/2012 | Brian Kerr | Review & edit complaint | 1.70 | $ 725.00 | $ 1,232.50 |
| 7/19/2012 | Brian Kerr | Review & edit complaint | 2.10 | $ 725.00 | $ 1,522.50 |
| 7/19/2012 | Saira Hussain | Draft complaint | 3.50 | $ 325.00 | $ 1,137.50 |
| 7/19/2012 | Saira Hussain | Draft complaint | 5.50 | $ 325.00 | $ 1,787.50 |
| 7/20/2012 | Brian Kerr | Review complaint | 0.30 | $ 725.00 | $ 217.50 |
| 7/20/2012 | Saira Hussain | Draft complaint | 6.50 | $ 325.00 | $ 2,112.50 |
| 7/23/2012 | Brian Kerr | Review complaint | 0.90 | $ 725.00 | $ 652.50 |
| 7/24/2012 | Brian Kerr | Review complaint | 0.30 | $ 725.00 | $ 217.50 |
| 7/25/2012 | Brian Kerr | Emails re coordination and proxy | 0.60 | $ 725.00 | $ 435.00 |
| 7/26/2012 | Brian Kerr | Emails re coordination | 0.40 | $ 725.00 | $ 290.00 |
| 7/27/2012 | Brian Kerr | Attn re filing issues | 0.20 | $ 725.00 | $ 145.00 |
| 7/27/2012 | Charles Piven | Rvw ISS case summary update | 0.10 | $ 800.00 | $ 80.00 |
| 7/29/2012 | Brian Kerr | Email re case status | 0.10 | $ 725.00 | $ 72.50 |
| 7/30/2012 | Brian Kerr | Emails re coordination and discovery | 0.20 | $ 725.00 | $ 145.00 |
| 7/31/2012 | Brian Kerr | Emails & t/c's re coordination and discovery | 1.10 | $ 725.00 | $ 797.50 |
| 8/1/2012 | Brian Kerr | Attn to scheduling issues | 0.80 | $ 725.00 | $ 580.00 |
| 8/2/2012 | Brian Kerr | Emails re coordination and discovery | 0.70 | $ 725.00 | $ 507.50 |
| 8/3/2012 | Brian Kerr | Emails & t/c's re coordination and discovery | 1.20 | $ 725.00 | $ 870.00 |
| 8/6/2012 | Brian Kerr | Emails & t/c's re coordination and discovery | 1.40 | $ 725.00 | $ 1,015.00 |
| 8/7/2012 | Brian Kerr | Emails w/ co-counsel re hearing | 0.30 | $ 725.00 | $ 217.50 |
| 8/9/2012 | Brian Kerr | Emails w/ co-counsel re hearing | 0.60 | $ 725.00 | $ 435.00 |

Network Equipment

Brower Piven, A Professional Corporation

| Date | Name | Description | Hours | Rate | | Amount |
|---|---|---|---|---|---|---|
| 8/10/2012 | Brian Kerr | Attn to disclosure demands | 1.80 | $ | 725.00 | $ | 1,305.00 |
| 8/13/2012 | Brian Kerr | Attn to disclosure demands | 2.80 | $ | 725.00 | $ | 2,030.00 |
| 8/14/2012 | Brian Kerr | Attn to supp disclosures, c/c w expert & co-counsel | 4.60 | $ | 725.00 | $ | 3,335.00 |
| 8/15/2012 | Brian Kerr | Attn to supplemental disclosures | 3.20 | $ | 725.00 | $ | 2,320.00 |
| 8/16/2012 | Brian Kerr | Attn to supplemental disclosures | 2.30 | $ | 725.00 | $ | 1,667.50 |
| 8/20/2012 | Brian Kerr | Emails re coordination | 0.20 | $ | 725.00 | $ | 145.00 |
| 8/23/2012 | Brian Kerr | Emails re coordination | 0.20 | $ | 725.00 | $ | 145.00 |
| 8/27/2012 | Brian Kerr | Email re settlement | 0.10 | $ | 725.00 | $ | 72.50 |
| 8/28/2012 | Brian Kerr | Emails re coordinated case | 0.20 | $ | 725.00 | $ | 145.00 |
| 8/29/2012 | Brian Kerr | Emails re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |
| 8/30/2012 | Brian Kerr | Emails re coordinated case | 0.20 | $ | 725.00 | $ | 145.00 |
| 8/31/2012 | Brian Kerr | Emails re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |
| 9/1/2012 | Brian Kerr | Email re coordinated case | 0.10 | $ | 725.00 | $ | 72.50 |
| 9/5/2012 | Brian Kerr | Emails re confirmatory discovery | 0.20 | $ | 725.00 | $ | 145.00 |
| 9/10/2012 | Brian Kerr | Emails re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |
| 9/17/2012 | Brian Kerr | Emails re coordinated case | 0.10 | $ | 725.00 | $ | 72.50 |
| 9/19/2012 | Brian Kerr | Email re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |
| 9/24/2012 | Brian Kerr | Emails re confirmatory discovery | 0.40 | $ | 725.00 | $ | 290.00 |
| 9/28/2012 | Brian Kerr | Email re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |
| 10/2/2012 | Brian Kerr | Emails re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |
| 10/4/2012 | Brian Kerr | Emails re confirmatory discovery | 0.20 | $ | 725.00 | $ | 145.00 |
| 10/5/2012 | Brian Kerr | t/c re confirmatory discovery | 0.50 | $ | 725.00 | $ | 362.50 |
| 10/10/2012 | Brian Kerr | Emails re confirmatory discovery | 0.20 | $ | 725.00 | $ | 145.00 |
| 10/15/2012 | Brian Kerr | Emails re confirmatory discovery | 0.20 | $ | 725.00 | $ | 145.00 |
| 10/16/2012 | Brian Kerr | Emails re confirmatory discovery | 0.20 | $ | 725.00 | $ | 145.00 |
| 10/17/2012 | Brian Kerr | Emails re confirmatory discovery | 0.20 | $ | 725.00 | $ | 145.00 |
| 10/21/2012 | Brian Kerr | Email re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |
| 10/25/2012 | Brian Kerr | Email re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |
| 10/30/2012 | Brian Kerr | Email re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |
| 11/1/2012 | Brian Kerr | Attn to confidentiality order | 0.40 | $ | 725.00 | $ | 290.00 |
| 11/2/2012 | Brian Kerr | Emails and t/c re document production | 0.50 | $ | 725.00 | $ | 362.50 |
| 11/5/2012 | Brian Kerr | Emails re confirmatory discovery & confid'l order | 0.30 | $ | 725.00 | $ | 217.50 |
| 11/6/2012 | Brian Kerr | Email re confid'l order | 0.10 | $ | 725.00 | $ | 72.50 |
| 11/7/2012 | Brian Kerr | Emails & t/c's re confidentiality order | 0.30 | $ | 725.00 | $ | 217.50 |
| 11/8/2012 | Brian Kerr | Emails re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |
| 11/9/2012 | Brian Kerr | Attn to case management statement & doc production | 0.70 | $ | 725.00 | $ | 507.50 |
| 11/12/2012 | Brian Kerr | Emails re confirmatory discovery | 0.10 | $ | 725.00 | $ | 72.50 |

Network Equipment

Brower Piven, A Professional Corporation

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/13/2012 | Brian Kerr | t/c & emails re confirmatory & c/c w/ expert | 1.20 | $ 725.00 | $ 870.00 |
| 11/14/2012 | Brian Kerr | Emails re confirmatory & status conference | 0.40 | $ 725.00 | $ 290.00 |
| 11/15/2012 | Brian Kerr | Emails re status conference issues | 0.20 | $ 725.00 | $ 145.00 |
| 11/16/2012 | Brian Kerr | Emails re waivers | 0.10 | $ 725.00 | $ 72.50 |
| 11/19/2012 | Brian Kerr | Emails re release | 0.40 | $ 725.00 | $ 290.00 |
| 11/20/2012 | Brian Kerr | Emails re waiver and coordinated case | 0.20 | $ 725.00 | $ 145.00 |
| 11/28/2012 | Brian Kerr | Emails re release and diversity | 0.20 | $ 725.00 | $ 145.00 |
| 11/29/2012 | Brian Kerr | Emails re possible amendment | 0.10 | $ 725.00 | $ 72.50 |
| 12/6/2012 | Andrew Wilmar | Legal and factual research re amending complaint; researching time limit on amendment as of right; researching amendment to add federal claims that parallel state claims post closing; emailing B Kerr re research | 8.00 | $ 650.00 | $ 5,200.00 |
| 12/6/2012 | Brian Kerr | Email re diversity issue | 0.20 | $ 725.00 | $ 145.00 |
| 12/10/2012 | Brian Kerr | Emails re coordinated case | 0.10 | $ 725.00 | $ 72.50 |
| 12/14/2012 | Brian Kerr | c/c & emails re amendment and diversity issue | 0.40 | $ 725.00 | $ 290.00 |
| 12/17/2012 | Brian Kerr | Emails re coordinated case & release issue | 0.10 | $ 725.00 | $ 72.50 |
| 12/18/2012 | Brian Kerr | Emails re release and diversity | 0.30 | $ 725.00 | $ 217.50 |
| 12/19/2012 | Brian Kerr | Emails re release and diversity | 0.10 | $ 725.00 | $ 72.50 |
| 12/27/2012 | Brian Kerr | Email re release and diversity issue | 0.10 | $ 725.00 | $ 72.50 |
| 1/2/2013 | Brian Kerr | Emails re diversity issue | 0.10 | $ 725.00 | $ 72.50 |
| 1/3/2013 | Brian Kerr | Emails re diversity issue | 0.20 | $ 725.00 | $ 145.00 |
| 1/3/2013 | C. Noah Insler | Research on scope of settlement agreement | 4.90 | $ 550.00 | $ 2,695.00 |
| 1/4/2013 | Brian Kerr | Emails re diversity issue | 0.30 | $ 725.00 | $ 217.50 |
| 1/4/2013 | C. Noah Insler | Continued research on scope of settlement agreement | 5.50 | $ 550.00 | $ 3,025.00 |
| 1/7/2013 | Brian Kerr | Emails re response date | 0.10 | $ 725.00 | $ 72.50 |
| 1/8/2013 | Andrew Wilmar | Research re settlement, release, diversity of class | 4.75 | $ 650.00 | $ 3,087.50 |
| 1/8/2013 | Brian Kerr | Attn to stip & class member/diversity issue | 0.30 | $ 725.00 | $ 217.50 |
| 1/8/2013 | C. Noah Insler | Research on settlement issue | 0.80 | $ 550.00 | $ 440.00 |
| 1/9/2013 | Andrew Wilmar | Legal and factual research re settlement; t/c with B Kerr re settlement; researching release of claims by non-diverse class members; emailing B Kerr re research | 8.25 | $ 650.00 | $ 5,362.50 |
| 1/9/2013 | Brian Kerr | Attn to class member/diversity issue | 0.40 | $ 725.00 | $ 290.00 |

Network Equipment

Brower Piven, A Professional Corporation

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 1/10/2013 | Andrew Wilmar | Legal and factual research re settlement; researching release of claims by non-diverse class members; emailing B Kerr re research | 7.75 | $ 650.00 | $ 5,037.50 |
| 1/10/2013 | Brian Kerr | Attn to class member/diversity issue | 0.60 | $ 725.00 | $ 435.00 |
| 1/10/2013 | C. Noah Insler | Reviewed Agent Orange decisions | 1.90 | $ 550.00 | $ 1,045.00 |
| 1/14/2013 | Brian Kerr | Attn to class member/diversity issue | 0.30 | $ 725.00 | $ 217.50 |
| 1/15/2013 | Brian Kerr | Attn to class member/diversity issue | 1.20 | $ 725.00 | $ 870.00 |
| 1/16/2013 | Brian Kerr | Attn to settlement stip | 0.70 | $ 725.00 | $ 507.50 |
| 1/18/2013 | Brian Kerr | Attn to settlement stip | 0.40 | $ 725.00 | $ 290.00 |
| 1/22/2013 | Brian Kerr | Attn to settlement stip | 0.80 | $ 725.00 | $ 580.00 |
| 1/23/2013 | Brian Kerr | Attn to settlement stip | 1.50 | $ 725.00 | $ 1,087.50 |
| 1/24/2013 | Brian Kerr | Attn to settlement stip | 1.30 | $ 725.00 | $ 942.50 |
| 1/29/2013 | Brian Kerr | Attn to settlement stip | 0.80 | $ 725.00 | $ 580.00 |
| 1/30/2013 | Brian Kerr | Attn to settlement stip | 0.90 | $ 725.00 | $ 652.50 |
| 2/4/2013 | Brian Kerr | Email re settlement stip | 0.10 | $ 725.00 | $ 72.50 |
| 2/5/2013 | Brian Kerr | Emails re settlement release | 0.90 | $ 725.00 | $ 652.50 |
| 2/6/2013 | Brian Kerr | Emails re settlement stip | 0.70 | $ 725.00 | $ 507.50 |
| 2/6/2013 | Charles Piven | Cs w/counsel | 0.10 | $ 800.00 | $ 80.00 |
| 2/11/2013 | Charles Piven | Rvw settlement | 0.70 | $ 800.00 | $ 560.00 |
| 2/12/2013 | Brian Kerr | Emails re response date stip | 0.30 | $ 725.00 | $ 217.50 |
| 2/13/2013 | Brian Kerr | Attn to settlement stip exhibits | 0.40 | $ 725.00 | $ 290.00 |
| 2/15/2013 | Brian Kerr | Attn to settlement stip exhibits | 0.70 | $ 725.00 | $ 507.50 |
| 2/18/2013 | Brian Kerr | Email re settlement | 0.10 | $ 725.00 | $ 72.50 |
| 2/19/2013 | Brian Kerr | Attn to settlement stip exhibits | 0.80 | $ 725.00 | $ 580.00 |
| 2/20/2013 | Andrew Wilmar | Legal and factual research re settlement; reviewing complaint; reviewing stipulation of settlement | 9.25 | $ 650.00 | $ 6,012.50 |
| 2/20/2013 | Brian Kerr | Attn to settlement stip | 0.70 | $ 725.00 | $ 507.50 |
| | | | 131.30 | | $ 82,555.00 |

# EXHIBIT B

# BROWER PIVEN
## A PROFESSIONAL CORPORATION

| | |
|---|---|
| **1925 OLD VALLEY ROAD** | **475 PARK AVENUE SOUTH, 33RD FLOOR** |
| **STEVENSON, MARYLAND 21153** | **NEW YORK, NEW YORK 10016** |
| **TELEPHONE: (410) 332-0030** | **TELEPHONE: (212) 501-9000** |
| **FACSIMILE: (410) 685-1300** | **FACSIMILE: (212) 501-0300** |

With offices in New York City and Stevenson, Maryland, Brower Piven focuses its practice in the areas of complex class action and other representative litigation. The firm's practice areas, while diverse, enable Brower Piven clients to call upon experience and resources available at few firms of its size. Brower Piven clients range from institutional and large private investors, to small and large businesses, to small individual investors and retail consumers. Regardless of the size of the matter, Brower Piven provides every client with the professional service, care, and quality that Brower Piven believes every client deserves.

Attorneys at Brower Piven, some with over 25 years of experience, are nationally recognized in the class action arena. The firm's attorneys have vast experience advising and representing plaintiffs in class actions under the federal securities laws; federal and state consumer protection laws; federal and state antitrust laws; state shareholder and corporate governance laws; federal and state environmental laws; and federal RICO laws. Brower Piven attorneys have served their clients in literally hundreds of federal and state actions in almost every state in the nation.

Some current matters in which Brower Piven has a leadership role demonstrate the scope of the firm's expertise. Brower Piven is co-lead counsel in the *In re Merck Securities, Derivative, & "ERISA" Litigation* pending in the United States District Court for the District of New Jersey, considered by many the largest federal securities fraud action in terms of damages in history, and lead counsel in pending shareholder litigation challenging the proposed $38 billion take-over of Equity Office Properties Trust, one of the largest going private transactions in business history.

Brower Piven is also currently plaintiffs' court-appointed lead or co-lead counsel in the following federal securities class actions:

- *In re Arotech Corp. Securities Litigation* (E.D. N.Y.).
- *Klugmann v. American Capital Ltd., et al.*, (D. Md.);
- *Gomez v. Bidz.com, Inc., et al.* (C.D. Calif.);
- *Landmen Partners, Inc. v. The Blackstone Group L.P., et al.* (S.D. N.Y.);
- *In re Crocs, Inc. Securities Litigation* (D. Colo.);
- *Freudenberg v. E*Trade Financial Corporation, et al.* (S.D. N.Y.);
- *Gosselin v. First Trust Advisors L.P., et al.* (N.D. Ill.);
- *Kaplan v. Gaming Partners International, Inc.* (D. Nev.);

1

- *In re HomeBanc Corp. Sec. Litig.* (N.D. Ga.);
- *The Pennsylvania Avenue Funds v. INYX, Inc., et al.* (S.D. N.Y.)
- *Minneapolis Firefighters' Relief Association v. MEMC Electronic Materials, Inc., et al.* (E.D. Mo.);
- *In Re: Municipal Mortgage & Equity, LLC Securities and Derivative Litigation* (D. Md.);
- *In re Opteum, Inc. Sec. Litig.* (S.D. Fla.);
- *Gooden v. Smart OnLine, Inc., et al.* (M.D. N.C.); and
- *In re: Spectranetics Corporation Securities Litigation*, (D. Colo.);
- *Wagner v. Barrick Gold Corporation, et al.* (S.D. N.Y);
- *In re Interlink Electronics, Inc. Securities Litigation* (C.D. Calif.).

Brower Piven is or has been co-lead and/or liaison counsel representing shareholders in merger-related class actions, including but not limited to, the following: *In re Allied Capital Corp. S'holder Litig.* (Cir. Ct., Montgomery Co., No. 324584-V); *In re Atheros Commc'ns S'holder Litig.* (Sup. Ct. Cal., Santa Clara Co., No. 1-11-CV-191146); *Ballard v. Orchid Cellmark, Inc.* (Sup. Ct. N.J. Ch. Div., No. C-32-11); *Berger v. Gulland, et al.* (Cir. Ct., Balto. City, No. 24-C-02-006336); *Blaz v. Pan Pacific Retail Props., Inc., et al.* (Cir. Ct., Balto. Co., No. 03-C-06-008085); *In re Bronco Drilling S'holder Litig.* (Del. Ch. Ct., C.A. No. 6398-VCP); *In re Fairchild Corp. S'holders Litigation* (Del. Ch., C.A. No. 871-N); *Galdi v. Optelecom-NFK, Inc., et al.* (Cir. Ct., Montgomery Co., No. 341448V); *Hofmeister, Jr. v. The Sparks State Bank* (Cir. Ct., Balto. Co., No. 108/278/95CV3523); *In re Inspire Pharm. S'holder Litig.* (Del. Ch. Ct., No. 6378-VCP); *In re Laureate Educ. S'holder Litig.* (Cir. Ct., Balto. City, No. 24-C-07-000664); *In re Nationwide Health Props., Inc. S'holder Litig.* (Cir. Ct., Balto. Co., No. 24-C-11-001476); *Ostensoe v. Hughes Communications, Inc., et al.* (Cir. Ct., Montgomery Co., No. 344267-V); *In re PHH Corp. Transaction Litig.* (Cir. Ct., Balto. Co., No. 03-C-07-002982); *In re Reckson Assocs. Realty Corp. S'holders Litig.* (Cir. Ct., Balto. City, No. 24-C-06-00006323); *In re Savvis S'holders Litig.* (Del. Ch. Ct., C.A. No. 6438-VCN); *Schwartz v. Pasternak (In re Hudson Holding Corp. S'holder Litig.)* (N.J. Sup. Ct. Ch. Div., No. C-6-11); and *In re XTO Energy S'holder Class Action Litig.* (352nd Judicial District of Tarrant County, Texas, No. 352-242403-09). Brower Piven is also plaintiffs' court-appointed co-lead or liaison counsel in shareholder derivative actions on behalf of shareholders of Bear Stearns & Co., Inc., Citigroup, Inc., and Merrill Lynch & Co., Inc. Brower Piven is or has been plaintiffs' counsel in the consumer class actions including the following: *H&R Block, Inc. "Express IRA" Mktg. Litig.* (W.D. Mo., No. 4:06-md-01786), *Huff v. Liberty League Int'l, LLC* (C.D. Cal., No. ED CV08-01010-JST-SS) (Lead Counsel); *Freedman v. Comcast Corp.* (Cir. Ct., Balto. City, No. 24-C-07-006743) (Lead Counsel); and *Segal v. Fifth Third Bancorp* (S.D. Ohio, No. 1:07 CV 348) (Lead Counsel).

The firm's experience is extremely broad and includes counseling and representing both public and non-public corporations and their executives, real estate developers, and large private investors in complex commercial litigation and on corporate governance matters, as well as representing both plaintiffs and defendants in class and non-class action litigation. The firm's experience on both sides of the bar makes it uniquely qualified to

2

provide its clients with a perspective not available from firms that solely represent plaintiffs or defendants. The success of the strategies pursued by the attorneys at Brower Piven in representing their clients over the years has been demonstrated by clients and classes represented by attorneys at Brower Piven recovering over $1 billion in past and pending recoveries.  The following is a sampling of the cases and results achieved by attorneys at Brower Piven where they have served as lead or co-lead attorneys for plaintiffs:

*Steiner v. Southmark Corporation*, No. 3-89-1387-D (N.D. Tex.), federal securities fraud class action against defunct real estate partnership marketer and its outside accountants resulting in a recovery of over $75 million in cash for investors.

*In re Petro-Lewis Securities Litigation*, No. 84-C-326 (D. Colo.), a federal securities fraud class action on behalf of limited partners and shareholders where plaintiffs recovered over $100 million in cash and benefits including the restructuring of dozens of oil and gas limited partnerships.

*In re StarLink Products Liability Litigation,* MDL No. 1403, No. 01 C 4928 (N.D. Ill.), representing all American corn farmers in nationwide litigation against manufacturer of unapproved pesticide which allegedly infected the U.S. corn supply and recovering over $125 million in cash for the class members.

*Romig v. Jefferson-Pilot Life Insurance Company*, 95 CVS 9703 (Supr. Ct. N.C.), deceptive insurance sales practices action brought on behalf of a class of Jefferson Pilot life insurance purchasers, resulting in a recovery for policyholders valued at over $55 million.

*In re MicroStrategy Securities Litigation*, No. 00-473-A (E.D. Va.), a federal securities fraud class action, where over $125 million was recovered for investors, the Court commented that: "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition that they enjoy.

*In re Arakis Energy Corporation Securities Litigation*, No. 95-CV-3431 (ARR) (E.D. N.Y.), federal securities class action against Canadian company resulting in a recovery of over $24 million for investors.

*In re Spectrum Information Technologies Securities Litigation,* CV-93-2295 (FB) (E.D. N.Y.), securities fraud action against bankrupt issuer where over $10 million in cash was recovered (including all insurance coverage available) for investors following successful trial and appeal against directors' and officers' insurance carrier who attempted to disclaim coverage.

*In re Bristol-Myers Squibb Securities Litigation*, 92-CIV-4007 (JES) (S.D. N.Y.), federal securities class action resulting in recovery of over $19 million in cash for investors.

*Steiner v. Ideal Basic Industries, Inc.*, No. 86-M-456 (D. Colo.), federal securities class action against the former *Fortune 500* cement manufacturer resulting in an over $17.5 million recovery in cash for investors.

*In re Broadwing Securities Litigation*, No. C-1-02-795 (S.D. Ohio), federal securities class action against major public utility/broadband company resulting in a recovery of over $35 million in cash for investors.

*Berger v. Compaq Computer Corporation*, No. 00-20875 (S.D. Tex.), a federal securities class action where, after a successful appeal of a question of first impression in the federal appellate courts relating to the selection of lead plaintiffs and class certification in the Fifth Circuit under the Private Securities Litigation Reform Act of 1995, over $29 million was recovered for investors.

*In re Bausch & Lomb Securities Litigation*, No. 01-CV-6190 (CJS) (W.D. N.Y.), federal securities class action resulting in a recovery of over $12.5 million for investors.

*Slone v. Fifth Third Bancorp, et al.,* No.1:03-CV-211 (S.D. Ohio), securities fraud action against one of the largest mid-west bank holding companies, resulting in a recovery of $17 million for investors.

*Poziak v. Imperial Chemical Industries, PLC, et al.,* No. 1:03 cv 2457 (NRB) (S.D. N.Y.), securities fraud action against one of the United Kingdom's largest public corporations, resulting in a recovery of approximately 90% of recoverable damages in cash for investors.

*J.E. Pierce Apothecary, Inc. v. Harvard-Pilgrim Health Care, Inc., et al,* No. 98-12635-WGY (D. Mass.), unfair and deceptive trade practices action on behalf of independent Massachusetts pharmacies against Harvard Pilgrim HMO and CVS Pharmacies, Inc. resulting, after bench trial, in excess of 100% of estimated recoverable damages for the class, including trebling.

The foregoing sampling of results is the product of the depth and breadth of the professional experience of attorneys at Brower Piven. The firm's attorneys include:

## DAVID A.P. BROWER

Mr. Brower has over 25 years of complex litigation experience. Mr. Brower has successfully represented plaintiffs in class action securities, consumer protection, environmental, antitrust and RICO actions, and representative shareholder derivative and take-over litigation. Mr. Brower, a member of the Bar of the State of New York, is also admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits, and innumerable federal and state trial courts. Mr. Brower has participated in the prosecution as lead or co-lead counsel in successful federal securities law class actions against, among others: Imperial Chemical Industries, Fifth Third

4

Bancorp, Southmark Corp., Ideal Basic Industries, Bristol-Myers Squibb, Tower Semiconductor, Gibson Greetings, Arakis Energy Corp., Scoreboard, Coastal Healthcare, Everest & Jennings International, B.T. Office Products, Profit Recovery, Enstar Corp., Jenifer Convertibles, Warner Communications, Sambos Restaurants, Sunrise Savings & Loan,  Phillip Morris Companies, Bausch & Lomb, Nanophase Technologies,  Ramada Inns, Michael Stores, Inc., Consumers Power Co., Broadwing/Cincinnati Bell, Compaq Computer Corp., and Computer Associates.  Mr. Brower has also participated in the prosecution as lead or co-lead counsel in merger litigation on behalf of, among others, public shareholders of  Sheller Globe Corp., Petro-Lewis Corp., Floating Point Systems, Holnam Corp., Wometco Enterprises, Inc., Great Bay Casinos Corp., Home Shopping Networks, MCA, Holly Sugar Co., and ARM Financial Group; and shareholder derivative actions on behalf of shareholders of Banner Industries, Marsh & McLennan Companies, and Merrill Lynch, Pierce, Fenner & Smith.

Since 2004, Mr. Brower has been one of the lead attorneys with day-to-day responsibility for the prosecution of the securities fraud claims in *In re Merck & Co, Securities, Derivative & ERISA Litigation*, MDL No. 1658, No. 2:05-CV-02367 (D. N.J.), an action where the damages to class member are estimated to be among the largest in the history of federal securities class litigation.  Additionally, while at his former firm, Mr. Brower was one of the attorneys with primary responsibility for class certification issues, including successfully arguing the class certification motion before the trial court, in *In re Initial Public Offering Securities Litigation*, 21 MC 92 (S.D. N.Y.), among the largest securities litigations ever prosecuted, encompassing approximately 309 consolidated class action cases alleging market manipulation claims in connection with the initial public offering of securities by over 55 defendant underwriters.  Mr. Brower also served as liaison counsel in *In re Sotheby's Holding, Inc. Securities Litigation*, No. 00 Civ. 1041 (S.D. N.Y.), which resulted in a recovery of over $75 million for Sotheby's investors.

Mr. Brower has also served as lead or co-lead counsel in consumer fraud actions against Aventis CropScience, Compaq Computer Corporation, Jefferson-Pilot Life Insurance Company, Sprint PCS Wireless,   Metropolitan Life Insurance, Harvard Pilgrim Healthcare, and CVS Corporation. In the antitrust field, Mr. Brower acted as lead counsel in litigation against Monsanto Company, E. I. du Pont de Nemours & Co. and Pioneer Hybrid International, Inc. (No. 4:05-CV-01108-ERW (E.D. Mo.), on behalf of genetically modified seed purchasers, and participated in the *In re Initial Public Offering Antitrust Litigation*, No. 01 CIV 2014 (WHP) (S.D. N.Y.).

In the area of environmental law, Mr. Brower has served as one of the lead attorneys in pollution actions on behalf of Oklahoma landowners against chicken producers, including Tyson Foods, Inc.; and as counsel for Missouri landowners in pork producer nuisance actions against Contigroup Companies, Inc. (formerly Continental Grain) and Premium Standard Farms, which recently resulted in verdicts in favor of neighboring farmers.

Before joining Brower Piven, Mr. Brower also represented a nationwide class of hospitals in RICO litigation against Tenet Healthcare Corporation based on claims that its conduct

caused class member hospitals to receive reduced "Outlier" reimbursements from Medicare.

Mr. Brower has also represented: directors and officers of public companies in securities class actions, including the directors of Heritage Hospitals; represented a former multi-state hospital developer; advised boards of directors of public companies regarding their fiduciary responsibilities; provided opinions as special counsel under Delaware law to public companies, including MGM/UA; represented insurance and reinsurance companies in coverage litigation, including matters involving Johns Manville, PepsiCo and Hilton Hotels; represented commodities dealers and brokers in connection with Commodities Futures Trading Commission reparations actions; represented foreign corporations in United States litigation, including one of Japan's largest electronics, international hotel and resort companies in litigation against its American counsel and financial advisors; represented a Brazilian trust holding claims for one of Brazil's largest telecommunications companies; and defended a large, Florida-based, national mortgage brokerage company, Foundation Funding, in class action litigation brought under the Truth In Lending Act.

Mr. Brower, is a graduate of Columbia College of Columbia University (A.B. 1979), and the Georgetown University Law Center (J.D. 1982), and he attended King's College, University of London (1980), where he studied comparative, international, and EC transactional law. Mr. Brower regularly lectures before professional organizations and at CLE-accredited conferences on the class action procedures and securities laws and shareholder and investor rights, including the American Law Institute/American Bar Association Advanced Course of Study Program, the Practicing Law Institute, and the New York State Bar Association. Mr. Brower regularly writes on class action procedures and new issues in class action jurisprudence. Mr. Brower is a long-time member of the New York State Bar Association Subcommittee on Class Actions, has participated as a member of the Executive Committee of the National Association of Securities and Consumer Law Attorneys, and actively participated in legislative initiatives relating to the Private Securities Litigation Reform Act of 1995 and the Class Action Fairness Act of 2005.

## CHARLES J. PIVEN

Mr. Piven is a seasoned litigator who has led his own practice since 1990. During his more than 30 years in practice, Mr. Piven has represented individuals, partnerships, trusts, pension plans and corporations in many types of cases. Mr. Piven's experience includes litigation in the areas of complex securities, shareholder, consumer protection, personal injury and property damage class actions, merger and acquisition class actions, bankruptcy, first amendment, copyright, employment, wrongful death, and legal, medical, accounting and broker malpractice.

Class and representative actions in which Mr. Piven has served as lead, co-lead, liaison or local counsel include, among others, Baltimore Bancorp securities litigation, USFG securities litigation, Yorkridge Calvert Savings & Loan securities litigation, Maryland

6

National Bank securities litigation, Reckson Associates Realty Company derivative litigation, Read-Rite Corporation securities litigation, Mid-Atlantic Realty shareholder merger litigation, Pan Pacific Realty shareholder merger litigation, Allied Irish Banks derivative litigation, Sprint Spectrum Cellular Telecommunications Company consumer litigation, IWIF Wiretap consumer litigation, Land Rover Group Ltd. consumer litigation, Cellular One consumer litigation, H&R Block Refund Anticipation Loan consumer litigation, Prison Telephone consumer litigation, and BlueCross/Blue Shield consumer litigation.

Mr. Piven has taken an active role in the prosecution of litigation relating to allegations that mutual fund investors have been victimized by directed brokerage arrangements, excessive fees, excessive commissions and deceptive sales practices or other actionable conduct. Some of the mutual fund families and brokerage firms involved in these cases that Mr. Piven has been responsible for originating include: Lord Abbott, AIM/Invesco, BlackRock, Davis, Eaton Vance, Dreyfus, Evergreen, Federated, Alliance, Franklin, Hartford, MFS, PIMCO, Scudder, Columbia, Goldman Sachs, Merrill Lynch, Morgan Stanley, Salomon Smith Barney, Edward Jones, UBS, Wells Fargo and American Express. Investors in mutual fund cases initiated or led by Mr. Piven's clients have achieved a settlement with brokerage firm Edward Jones for approximately $125,000,000, with American Express for approximately $100,000,000, and with Merrill Lynch for approximately $26,000,000.

Mr. Piven also directly represents the lead plaintiff(s) and/or proposed class representative(s) in approximately 25% of the 309 cases encompassed by the Initial Public Offering Securities Litigation pending in the Southern District of New York, and Mr. Piven and the firm have taken an active role in the discovery in this litigation.

Mr. Piven also has experience in the field of ERISA class actions on behalf of former and current company employees. ERISA cases in which Mr. Piven is or has been counsel for named plaintiffs include: Aquila ERISA litigation (W.D. Mo.); General Motors ERISA litigation (E.D. Mich.); ConAgra Foods ERISA litigation (D. Nebr.); the Coca-Cola Enterprises ERISA litigation (N.D. Ga.); Fannie Mae ERISA litigation (D. D.C.); Delphi ERISA litigation (E.D. Mich.); Ford Motor Company ERISA litigation (E.D. Mich.) and the Pfizer ERISA litigation (S.D. N.Y.).

Mr. Piven is a 1975 graduate of Washington University and a 1978 graduate of the University of Miami School Of Law. During law school, Mr. Piven was a student law clerk for the late Honorable United States District Judge C. Clyde Adkins of the Southern District of Florida. Mr. Piven was admitted to the bars of the States of Florida (currently inactive) and Maryland in 1978. Mr. Piven is a member in good standing of the Court of Appeals of Maryland, the United States Court of Federal Claims, the United States Tax Court, the United States District Court for the Districts of Maryland and Colorado, the United States Courts of Appeals for the First and Fourth Circuits, and the United States Supreme Court.

## RICHARD H. WEISS

Richard H. Weiss received an A.B. degree summa cum laude from Princeton University in 1979. In 1980, he received an M.Phil. degree in international relations from Cambridge University, England. He graduated from Yale Law School in 1983. His practice focuses primarily on class actions on behalf of defrauded investors, as well as other complex civil litigation. Among his accomplishments during more than 30 years of practice, Mr. Weiss was one of plaintiffs' lead counsel in *Makor Issues & Rights, Ltd. v. Tellabs, Inc.* (N.D. Ill.), in which the United States Supreme Court established the pleading standard for all federal securities fraud cases. Currently, Mr. Weiss is one of the attorneys leading the prosecution of the Merck/Vioxx securities litigation. Mr. Weiss served for two years on the Securities Editorial Advisory Board of Law360.

Mr. Weiss is admitted to practice in New York State, the United States District Courts for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit and various other federal appellate courts, and the United States Supreme Court.

## BRIAN C. KERR

Mr. Kerr maintains a wide-ranging complex commercial litigation practice representing individuals and institutions in securities fraud, merger and acquisition class actions, consumer fraud, antitrust, commercial disputes, and other complex litigation. Mr. Kerr brings the skills of a courtroom advocate to each of his matters having tried cases before judges and juries.

Mr. Kerr was one of the principal trial counsel for plaintiffs in the securities fraud class action against Vivendi Universal (*In re Vivendi Universal, S.A. Sec. Litig.*, No. 02 Civ. 5571 (S.D.N.Y.)), where in January 2010 the jury returned a verdict that at the time had an estimated value of up to $9 billion. Mr. Kerr has also represented: institutional investors in a securities fraud class action against Tyco International, Dennis Kozlowski, PricewaterhouseCoopers, and others (*In re Tyco Int'l. Ltd. Sec. Litig.*, MDL Docket No. 02-1335-PB (D.N.H.)), which resulted in combined settlements of $3.2 billion; lead plaintiffs in a securities class action against Rite Aid, former CEO Martin Grass, and KPMG (*In re Rite Aid Corp. Sec. Litig.*, MDL Docket No. 1360 (E.D. Pa.)), where total settlements were $323 million, including the then-second largest securities fraud settlement ever against a Big Four auditing firm; class plaintiffs in a securities class action against General Instrument (*In re General Instrument Sec. Litig.*, 92 C 1129 (N.D. Ill.)), which resulted in $48 million settlement; a book publisher in a multi-million dollar defamation/breach of contract case against News Corporation (settled on confidential terms); a UK film producer in an antitrust case involving the alleged manipulation of the market for Warhol art; a US hedge fund in a shareholder derivative action arising from the collapse of Bear Stearns; and the Australis Media Group in a multi-million dollar complex commercial dispute in NY State Supreme Court against News Corp., Sony, Universal, and Paramount arising from an alleged international conspiracy to put Australis out of business (also settled on confidential terms).

Mr. Kerr has also been actively involved in pro bono efforts, including the representation of indigent prisoners in civil rights cases before the US Court of Appeals for the Second Circuit, and working extensively with Trial Lawyers Care to provide free legal assistance to the families of victims of the September 11 attacks.

In 1993, Mr. Kerr graduated *summa cum laude* with a BA in Economics from the University of Albany, where he received the Gordon Karp Prize for Excellence in Economics, was founder of the Presidential Honors Society, a member of Phi Beta Kappa, and valedictorian. In 1996, Mr. Kerr graduated from Hofstra Law School, where he was a member of the Hofstra Law Review and a Dean's Scholar. Mr. Kerr, admitted to the Connecticut Bar in 1996 and the New York Bar in 1997, is a member in good standing of the United States District Court for the Southern and Eastern Districts of New York, as well as the United States Court of Appeals for the Second and Third Circuits.

## ANDREW WILMAR

Mr. Wilmar is a graduate of Harvard Law School. While at Harvard, Mr. Wilmar was an Executive Editor for the Harvard Civil-Rights-Civil-Liberties Law Review. He was also a finalist in the Ames Moot Court Competition, and was named Best Oralist during the semi-final round. Mr. Wilmar also graduated *magna cum laude* from Yale University. After law school, Mr. Wilmar clerked for the Hon. Robert L. Carter of the Southern District of New York. Since then, Mr. Wilmar has worked for some of the leading plaintiffs' class-action firms in the country. Mr. Wilmar was a key member of the litigation team in the *Vivendi* securities class action, where he helped plaintiffs obtain a jury verdict that at the time had an estimated value of up to $9 billion.

## CHARLES NOAH INSLER

Charles Noah Insler is a graduate of Tulane University Law School. While at Tulane, Mr. Insler was a Managing Editor of the Tulane Maritime Law Journal. Mr. Insler graduated *magna cum laude* from Princeton University. After law school, Mr. Insler spent three years clerking for Magistrate Judge David D. Noce of the Eastern District of Missouri. Following the clerkship with Judge Noce, Mr. Insler served as a staff attorney for the Sixth Circuit Court of Appeals. Mr. Insler is admitted to practice in the District of Columbia and his admission to Maryland is currently pending. He has previously been admitted to practice in Missouri (currently inactive) and Illinois (currently inactive).

## YELENA TREPETIN

Ms. Trepetin is a graduate of Tulane University Law School. While at Tulane, Ms. Trepetin was the Senior Managing Editor of the Tulane Journal of International and Comparative Law. She also served as a student attorney for the Domestic Violence Clinic. In the fall of 2005, Ms. Trepetin attended Duke University School of Law where she was a visiting Staff Editor of the Duke Journal of Comparative and International Law. Ms. Trepetin graduated magna cum laude from Brandeis University. Ms. Trepetin

also studied for a year at the London School of Economics and Political Science. Ms. Trepetin's legal work experience includes clerking at the Maryland Office of the Public Defender for Baltimore County and interning for the Honorable J. Norris Byrnes and the Honorable Lawrence R. Daniels in the Circuit Courts of Baltimore County. Ms. Trepetin is admitted to practice in the State of Maryland, and she is a member of the Baltimore County Bar Association and the Bar Association of the District of Columbia.

## DANIEL KUZNICKI

Mr. Kuznicki is a 2008 graduate of New York University School of Law, and he received his bachelor's degree summa cum laude in 2005. Prior to joining Brower Piven, Mr. Kuznicki's practice focused on litigation and corporate matters involving trademarks, licensing, contracts, securities and real estate, and his clients ranged from companies with annual revenue in excess of $100 million, to individual stockbrokers, investors and attorneys. Mr. Kuznicki is admitted to practice law in the State of New York, and the United States District Court for the Southern District of New York, as well as the United States Court of Appeals for the Second Circuit.

## KATHERINE BORNSTEIN

Katherine Bornstein's practice has focused on class actions since 2004. She has practiced with several national plaintiffs' firms, representing employees, retirees and consumers in complex class action litigation. Ms. Bornstein has served as class counsel in numerous class actions on behalf of defined contribution plan participants and has helped to recover millions of dollars to ERISA plans damaged by corporate and fiduciary malfeasance.

Ms. Bornstein is admitted to practice law in Maryland, Pennsylvania and California, as well as before the United States Supreme Court, the United States Courts of Appeal for the First, Third, Fourth and Fifth Circuits and numerous United States District Courts including the District of Maryland, Eastern District of Pennsylvania and Central District of California. Ms. Bornstein received her J.D. from the Emory University School of Law and her undergraduate degree from the University of Maryland.

## SAIRA F. HUSSAIN
## 2011

Saira F. Hussain graduated *cum laude* from Fordham University School of Law in 2011 and *magna cum laude* from New York University in 2008.  While in law school, Ms. Hussain was a member of the Fordham Urban Law Journal and the Mediation Competition Editor for the Fordham Dispute Resolution Society.  She also interned for the Honorable Denny Chin while he served as a District Court Judge in the Southern District of New York before his appointment to the United States Court of Appeals for the Second Circuit, the Honorable Kiyo A. Matsumoto of the Eastern District of New York, and the Kings County District Attorney's Office.  Ms. Hussain was also a Dean's Fellow at the Fordham Corporate Law Center where she assisted with various programs including the Comparative Corporate Governance Series and the Business Law Practitioners Series. While at New York University, Ms. Hussain was an intern with Lehman Brothers. Ms. Hussain is admitted to the New Jersey Bar and her admission to the New York Bar is currently pending.

# EXHIBIT C

*Network Equip. Litig.*
**Expense Report**

| EXPENSE CATEGORY | AMOUNT |
|---|---:|
| Transportation | $19.70 |
| Photocopying | $49.50 |
| Online Research | $948.70 |
| **Total Expenses** | **$1,017.90** |

EXHIBIT "B"

Evan J. Smith
**BRODSKY & SMITH, LLC**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE NEWMAN, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>NETWORK EQUIPMENT TECHNOLOGIES, INC., DAVID WAGENSELLER, DIXON R. DOLL, C. NICHOLAS KEATING, JR., FREDERICK D'ALESSIO, DAVID R. LAUBE, SONUS NETWORKS, INC., and NAVY ACQUISITION SUBSIDIARY, INC.,<br><br>      Defendants. | Case No. 12-CV-3937-LHK<br><br>**DECLARATION OF EVAN J. SMITH IN FURTHER SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

I, Evan J. Smith, hereby declare, pursuant to 28 U.S.C. § 1746, that:

1.  I am a member of the firm of Brodsky & Smith, LLC and an attorney since 1997. I am submitting this Declaration in support of the application for an award of attorneys' fees in connection with services rendered in the above-captioned action and for the reimbursement of expenses that are related to the investigation, prosecution, and settlement of claims in the course of this action through February 20, 2013, the date of the parties entered into Stipulation of Settlement, which memorialized in full the terms of the proposed Settlement.

1

2.      Attached hereto as Exhibit A is a true and correct copy of my firm's itemized time in this action.

3.      I submit that the hourly rate of $625 for the time spent on this litigation by me is reasonable for the Northern District of California in this type of complex class action shareholder litigation for a partner at a lawfirm who has been practicing since 1997.   Indeed, many courts across the country, including state and federal courts in California, have approved this hourly rate in other similar shareholder class action matters within the last 24 months.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 24th day of January 24, 2014.

Evan J. Smith

2

EXHIBIT "A"

The following is an itemization of time by Brodsky & Smith, LLC in the Network Equipment Shareholder Litigation matter:

EJS – Evan J. Smith

| Date | Description | Hours |
|---|---|---|
| 06-26-12 | Tele conf w client for filing case, research merger matter.   (EJS) | 2.0 |
| 06-27-12 | Tele conf and emails w client re merger and complaint. (EJS) | .5 |
| 06-28-12 | Email and tele conf. re: not filing complaint. (EJS) | .5 |
| 07-29-12 | Analyzed and assessed SEC filings. (EJS) | 4.25 |
| | Tele conf w co-counsel re filing of complaint in NDcal. (EJS) | .25 |
| 07-30-12 | Analyzed and assessed complaint and finalized for filing. (EJS) | 3.5 |
| 08-01-12 | Analyzed and assessed Initial status conf and standing order. (EJS) | .25 |
| | Tele conf w counsel re PHV, filed PHV | .25 |
| 08-06-12 | Emails/Calls with co-counsel re: service of Defendants. (EJS) | .25 |
| 08-16-12 | Assessed corresp to DE chancery court re: status and MOU (EJS) | .25 |
| 09-10-12 | Analyzed and assessed MOU. (EJS) | .5 |
| 11-08-12 | Analyzed and assessed protective order. (EJS) | .25 |
| | Analyzed and assessed Order re: filing CMC statement. (EJS) | .25 |
| 11-09-12 | Prepared and filed notice of settlement (EJS) | .5 |
| | Emails and TC w counsel re CMC statement (EJS) | .25 |
| 11-12-12 | Emails w court and counsel re telephonic appearance. (EJS) | .25 |
| 11-13-12 | Emails re: confirm discovery, cmc conf., waiver of service (EJS) | .25 |
| 11-14-12 | Attended CMC, email re Judge's concerns jurisdiction. (EJS) | 1.5 |
| 11-15-12 | Telephone call re jurisdiction issue. (EJS) | .5 |
| 11-19-12 | Emails re: settlement and jurisdiction with defense counsel (EJS) | .5 |
| | Emails and analyzed status report to DE chancery court. (EJS) | .25 |
| 11-20-12 | Emails re: amended complaint, assessed minue order. (EJS) | .25 |
| | Assessed and filed waivers of service. (EJS) | .25 |
| 11-28-12 | Emails w counsel re amending complaint. (EJS) | .25 |
| | Analyzed and Assessed research re jurisdiction. (EJS) | 1.5 |
| 12-13-12 | TC with co-counsel re: amended complaint and settlement. (EJS) | .25 |

| | | |
|---|---|---|
| 12-17-12 | Assessed Notice of Interested Parties. (EJS) | .25 |
| 12-19-12 | Emails and call w co counsel re release jurisdiction. (EJS) | .25 |
| 01-02-13 | Emails re release and jurisdiction. (EJS) | .25 |
| 01-07-13 | Emails w counsel re ext. of time to respond to complaint. (EJS) | .25 |
| 01-08-13 | Assessed stip to extend time. (EJS) | .25 |
| 01-09-13 | Analyzed and assessed research on release of claims. (EJS) | .25 |
| 01-16-12 | Assessed stipulation of settlement. (EJS) | 1.0 |
| | Tele conf w co-counsel re finalizing stip of sett. (EJS) | .25 |
| 01-23-13 | Assessed revised stipulation of settlement. (EJS) | .5 |
| 02-08-13 | Assessed docket entry by court correcting prior docket entry. (EJS) | .25 |
| 02-12-13 | Emails and assessment of another stip to extend response time (EJS) | .25 |
| 02-19-13 | Assessed final stipulation of settlement. (EJS) | .25 |
| | Tele conf w co-counsel re: signing stip settlement. (EJS) | .25 |
| | Assessed status update to be filed w court. (EJS) | .25 |
| 02-20-13 | Assessed correspondence to DE court re status update. (EJS) | .25 |
| 02-21-13 | Emails re extension of time to respond to complaint. (EJS) | .25 |

_____

Total:                                                                    24.5

EJS: 24.5 @ $625.00/hour = $15,312.50

EXHIBIT "C"

Evan J. Smith
**BRODSKY & SMITH, LLC**
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE NEWMAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETWORK EQUIPMENT TECHNOLOGIES, INC., DAVID WAGENSELLER, DIXON R. DOLL, C. NICHOLAS KEATING, JR., FREDERICK D'ALESSIO, DAVID R. LAUBE, SONUS NETWORKS, INC., and NAVY ACQUISITION SUBSIDIARY, INC.,<br><br>Defendants. | Case No. 12-CV-3937-LHK<br><br>**REVISED DECLARATION OF GUSTAVO F. BRUCKNER IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

I, Gustavo F. Bruckner hereby declare, pursuant to 28 U.S.C. § 1746, that:

1.    I am a member of the firm of Pomerantz LLP. On December 13, 2013, I submitted a Declaration in support of plaintiff's application for an award of attorneys' fees and reimbursement of expenses (the "December Declaration"). Due to an inadvertent error, the December Declaration mistakenly included time incurred after February 20, 2013. As reflected in Exhibit A to the December Declaration, the time included in the December Declaration was in fact time spent through December 13, 2013.

1

2.     The schedule annexed hereto as Exhibit A is a revised summary indicating the number of hours spent by the lawyers and a paralegal at my firm on this litigation, their respective hourly rates, and the resulting lodestar calculation.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm.  Time spent in connection with plaintiffs' counsel's fee application is not included in the chart.

3.     As set forth in Exhibit A, the amount of professional time spent on this litigation by my firm since the inception of this case through the date of the February 20, 2013 settlement agreement is 144.30 hours (*as opposed to the 200.05 hours stated in the December Declaration*) which equates to a lodestar of $75,740.00 (*as opposed to the $98,934.25 stated in the December Declaration*). The hourly rates shown below are my firm's current hourly rates and are the usual and customary rates for complex litigation set by my firm for each individual that do not reflect any contingency risk.  Court across the country have used these hourly rates to award fees. A breakdown of the lodestar is as follows:

| NAME | RATE | TOTAL HOURS | TOTAL LODESTAR |
|---|---|---|---|
| Adams, Samuel J. (Associate) | $400 | 12.5 | $5,000.00 |
| Bruckner, Gustavo F. (Partner) | $735 | 52.70 | $38,734.50 |
| Ganot, Ofer (Associate) | $375 | 43.60 | $16,350.00 |
| Ludwig, Louis C. | $485 | 28.20 | $13,677.00 |
| Perrone, Laura M. (Associate) | $530 | 2.50 | $1,325.00 |
| Weinstein, Jacob Z. (Staff Attorney) | $290 | 2.00 | $580.00 |
| Total Attorney: | | 239.05 | $119,936.75 |
| Zehel, Megan (Paralegal) | $245 | .30 | $73.50 |

| | | | |
|---|---|---|---|
| Total Paralegal: | | .30 | $73.50 |
| **Total Firm:** | | **144.30** | **$75,740.00** |

3.    A copy of my latest firm's biography, and biographies of the principal attorneys involved in this action is attached hereto as Exhibit B. The following chart lists the law schools attended and years of graduation for each attorney:

| NAME | DETAILS |
|---|---|
| Adams, Samuel J. (Associate) | University of Louisville Louis D. Brandeis School of Law- 2009 |
| Bruckner, Gustavo F. (Partner) | Benjamin N. Cardozo School of Law- 1992 |
| Ganot, Ofer (Associate) | Tel-Aviv University School of Law in Israel- 2006<br><br>Duke University School of Law (LL.M.)- 2011 |
| Ludwig, Louis C. (Associate) | Rutgers University School of Law- 2007 |
| Perrone, Laura M. (Associate) | Benjamin N. Cardozo School of Law- 1993 |
| Weinstein, Jacob Z. (Staff Attorney) | Touro College Jacob D. Fuchsberg Law Center- 2011 |

4.    My firm has expended a total of $6,239.24 in expenses in connection with the prosecution of this litigation, and none of those expenses have been reimbursed by any client or any other person or entity. Below is a summary of expenses:

| Category | Amount |
|---|---|
| Computer Research | $877.67 |
| Court Clerk, Witness Fees, Depositions and Transcripts | $579.23 |
| Expert and Consulting Fees | $3,866.50 |
| Photocopying | $0 |
| Telephone Charges | $205.65 |
| Travel (Air and Ground Transportation, Lodging, and Meals) | $710.19 |

3

**TOTAL EXPENSES:**        $6,239.24

5.      The information in this Declaration regarding my firm's time and expenses is taken from time and expense printouts prepared and maintained by the firm in the ordinary course of business. I oversaw and/or conducted the day-to-day activities in the litigation and reviewed these printouts (and backup documentation where necessary or appropriate). The purpose of these reviews was to confirm both the accuracy of the entries on the printouts as well as the necessity for and reasonableness of the time and expenses committed to the litigation. As a result of these reviews and adjustments, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

6.      On December 5, 2013, your Honor granted an application for an award of attorneys' fees and reimbursement of expenses in the case entitled *Irene Dixon v. Cost Plus, Inc. et. al. Case No. 5:12-CV-02721-LHK* which included my firm's current hourly rates.

7.      I declare under penalty of perjury that the foregoing is true and correct. Executed on this 24th day of January 2014.

Gustavo F. Bruckner

4

# EXHIBIT A

### Network Equipment Technologies

| ATTORNEY | | | STATUS | CURRENT RATE | HOURS | CURRENT TOTAL |
|---|---|---|---|---|---|---|
| Adams, Samuel J. | | | Associate | $400.00 | 12.50 | $5,000.00 |
| 07/03/2012 | SA | PLD | Drafting correspondence to defendants regarding discovery. | $400.00 | 0.20 | $80.00 |
| 07/05/2012 | SA | DIS | Researching and drafting discovery on two bankers and the defendants. Circulating to co-counsel. Corresponding with defendants. | $400.00 | 3.10 | $1,240.00 |
| 07/06/2012 | SA | DIS | Finalizing discovery on defendants for service. | $400.00 | 1.20 | $480.00 |
| 07/16/2012 | SA | PLD | Conference call with expert. | $400.00 | 0.60 | $240.00 |
| 07/17/2012 | SA | PLD | Reviewing and revising amended complaint. | $400.00 | 3.60 | $1,440.00 |
| 08/20/2012 | SA | STA | Drafting stipulation and proposed order. Communicating with defendants regarding same. | $400.00 | 1.50 | $600.00 |
| 02/05/2013 | SA | SET | Reviewing and revising settlement papers | $400.00 | 2.30 | $920.00 |
| Bruckner, Gustavo F. | | | Partner | $735.00 | 52.70 | $38,734.50 |
| 07/05/2012 | GFB | PLD | service issues | $735.00 | 0.50 | $367.50 |
| 07/06/2012 | GFB | PLD | retaining expert | $735.00 | 0.50 | $367.50 |
| 07/09/2012 | GFB | PLD | coomunication with co-ocunsel re filing ca action | $735.00 | 0.30 | $220.50 |
| 07/12/2012 | GFB | PLD | communication with co-cnsl | $735.00 | 0.50 | $367.50 |
| 07/13/2012 | GFB | PLD | communication with co-cnsl | $735.00 | 0.30 | $220.50 |
| 07/18/2012 | GFB | PLD | discusiion with co-cnsl re strategy | $735.00 | 1.00 | $735.00 |
| 07/19/2012 | GFB | PLD | researching diversity - communication with co-cnsl | $735.00 | 0.70 | $514.50 |
| 07/20/2012 | GFB | PLD | review of status with co-cnsl | $735.00 | 0.50 | $367.50 |
| 07/23/2012 | GFB | PLD | confer with local cnsl on service issue | $735.00 | 0.50 | $367.50 |
| 07/24/2012 | GFB | PLD | review filing w/ sec | $735.00 | 0.50 | $367.50 |
| 07/25/2012 | GFB | PLD | draft demand letter | $735.00 | 2.00 | $1,470.00 |
| 07/27/2012 | GFB | SET | draft settlement demand | $735.00 | 0.50 | $367.50 |
| 07/30/2012 | GFB | PLD | conf call with co-cnsl - strategy | $735.00 | 1.00 | $735.00 |
| 07/31/2012 | GFB | PLD | conf call with expert | $735.00 | 0.50 | $367.50 |
| 08/02/2012 | GFB | PLD | conf call | $735.00 | 1.00 | $735.00 |
| 08/06/2012 | GFB | PLD | review settlement demand | $735.00 | 3.00 | $2,205.00 |
| 08/10/2012 | GFB | PLD | redraft demand letter- call with cp-cnsl | $735.00 | 2.50 | $1,837.50 |
| 08/13/2012 | GFB | PLD | conf call with co-counsel | $735.00 | 0.40 | $294.00 |
| 08/14/2012 | GFB | PLD | conference call with expert - discussions with def and co-cnsl re disclosures - communication with client | $735.00 | 4.00 | $2,940.00 |
| 08/15/2012 | GFB | PLD | conf call with co-cnsl - negotiating mou | $735.00 | 0.00 | $0.00 |
| 08/16/2012 | GFB | SET | negotiating MOU | $735.00 | 3.50 | $2,572.50 |
| 08/20/2012 | GFB | OT | review stip for court re stay | $735.00 | 0.70 | $514.50 |
| 08/25/2012 | GFB | PLD | communication with plaintiff | $735.00 | 0.30 | $220.50 |
| 09/19/2012 | GFB | PLD | call with client -email | $735.00 | 0.70 | $514.50 |
| 09/24/2012 | GFB | DIS | review discovery request | $735.00 | 1.00 | $735.00 |
| 10/02/2012 | GFB | DIS | communication with def cnsl | $735.00 | 0.30 | $220.50 |
| 10/04/2012 | GFB | DIS | communication with opposing cnsl | $735.00 | 0.30 | $220.50 |
| 10/10/2012 | GFB | DIS | followup with cocnsl | $735.00 | 0.70 | $514.50 |
| 10/25/2012 | GFB | DIS | follow up with co-cnsl | $735.00 | 1.00 | $735.00 |
| 11/05/2012 | GFB | DIS | prepping for depo. | $735.00 | 1.30 | $955.50 |
| 11/06/2012 | GFB | DIS | depo prep | $735.00 | 1.00 | $735.00 |

1/17/2014

**Pomerantz Grossman Hufford Dahlstrom & Gross LLP**
**Hours and Amount by Current Rate**
**From 1/1/1995 to 2/20/2013**

Page 2 of 6

## Network Equipment Technologies

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/07/2012 | GFB | PLD | Communication with co-counsel and expert | $735.00 | 1.50 | $1,102.50 |
| 11/10/2012 | GFB | DIS | Factual research | $735.00 | 1.00 | $735.00 |
| 11/11/2012 | GFB | DIS | Factual research | $735.00 | 1.00 | $735.00 |
| 11/12/2012 | GFB | DIS | discovery prep - communication with client | $735.00 | 1.50 | $1,102.50 |
| 11/13/2012 | GFB | DIS | review depo outline and discovery | $735.00 | 1.50 | $1,102.50 |
| 11/14/2012 | GFB | DIS | review depo outline - review previous depo | $735.00 | 2.00 | $1,470.00 |
| 11/15/2012 | GFB | SET | review of hearing - research diversity | $735.00 | 1.00 | $735.00 |
| 11/16/2012 | GFB | DIS | review discovery - depo | $735.00 | 1.50 | $1,102.50 |
| 11/19/2012 | GFB | OT | Draft, review and/or edit letter to court | $735.00 | 0.70 | $514.50 |
| 11/20/2012 | GFB | OT | Communication with co-counsel/court - re status report | $735.00 | 0.50 | $367.50 |
| 11/27/2012 | GFB | SET | Communication with co-counsel | $735.00 | 0.50 | $367.50 |
| 12/13/2012 | GFB | PLD | communication with co-cnsl | $735.00 | 1.00 | $735.00 |
| 12/19/2012 | GFB | PLD | researching jurisdiction | $735.00 | 1.50 | $1,102.50 |
| 01/22/2013 | GFB | SET | settlement stip | $735.00 | 1.50 | $1,102.50 |
| 01/23/2013 | GFB | SET | settlement docs | $735.00 | 1.00 | $735.00 |
| 02/05/2013 | GFB | SET | review settlement papers | $735.00 | 1.00 | $735.00 |
| 02/19/2013 | GFB | SET | Draft, review and/or edit stip - draft update for chancery | $735.00 | 1.00 | $735.00 |
| 02/20/2013 | GFB | SET | Draft, review and/or edit settlement papers | $735.00 | 2.00 | $1,470.00 |
| Ganot, Ofer | | | Associate | $375.00 | 43.60 | $16,350.00 |
| 07/12/2012 | OG | OT | Facts research, drafting of amended complaint | $375.00 | 6.20 | $2,325.00 |
| 07/13/2012 | OG | OT | Work on the amended complaint; facts research | $375.00 | 7.80 | $2,925.00 |
| 07/16/2012 | OG | OT | Continue work on the amended complaint; facts research; Call with expert; continue drafting of amended complaint | $375.00 | 7.30 | $2,737.50 |
| 07/17/2012 | OG | OT | Continued work on the amended complaint; facts research | $375.00 | 4.10 | $1,537.50 |
| 07/18/2012 | OG | OT | Continued work on the amended complaint | $375.00 | 0.80 | $300.00 |
| 07/24/2012 | OG | OT | Review of definitive proxy and comparison to preliminary proxy; review of needed amendments to draft amended complaint | $375.00 | 1.10 | $412.50 |
| 07/25/2012 | OG | OT | Review of definitive proxy; drafting of a shareholder demand, demanding changes to the merger agreement as well as additional disclosures; correspondences with co-counsel | $375.00 | 2.90 | $1,087.50 |
| 07/26/2012 | OG | OT | Continued work on the demand letter; correspondences with co-counsel | $375.00 | 1.90 | $712.50 |
| 07/27/2012 | OG | OT | Amendments to the demand letter; correspondences with co-counsel; sending of demand letter to Def's counsel | $375.00 | 1.80 | $675.00 |
| 07/30/2012 | OG | OT | Correspondences; work on the amended complaint | $375.00 | 1.60 | $600.00 |
| 07/31/2012 | OG | OT | Correspondences and conf. call (status) | $375.00 | 1.60 | $600.00 |
| 08/02/2012 | OG | OT | Conf. call with co-counsel re status | $375.00 | 0.30 | $112.50 |
| 08/15/2012 | OG | OT | Facts research regarding Cisco licensing agreement; correspondences and conference calls | $375.00 | 1.90 | $712.50 |
| 09/24/2012 | OG | SET | Drafting a demand letter for confirmatory discovery | $375.00 | 1.40 | $525.00 |

## Network Equipment Technologies

| | | | | | | |
|---|---|---|---|---|---|---|
| 01/14/2013 | OG | OT | Factual research regarding issues raised by our client that were asked and answered in two depositions taken in this litigation; summarizing the relevant parts from both depositions (GFB) | $375.00 | 2.90 | $1,087.50 |
| Ludwig, Louis C. | | | Associate | $485.00 | 28.20 | $13,677.00 |
| 11/05/2012 | LCL | DIS | Received, reviewed, & responded to GFB correspondence re: confirmatory depo; Conferred w/JBS re: same; Conferred w/PVD re: same; Received, reviewed & responded to SJA correspondence enclosing compl., MOU & Proxy. | $485.00 | 0.50 | $242.50 |
| 11/06/2012 | LCL | DIS | Reviewed depo. outline template & relevant Del. Rules of Civ. P.; Conferred w/JBS re: status of dep. prep. & proffered docs; Drafted SJA correspondence re: time/place of dep. & travel arrangements and received and reviewed responsive GFB correspondence. | $485.00 | 0.50 | $242.50 |
| 11/07/2012 | LCL | DIS | Conferred w/JBS re: prep for confirmatory depo. on 11/14 or 11/15. | $485.00 | 0.30 | $145.50 |
| 11/08/2012 | LCL | DIS | Conducted online research on unfamiliar IT terms in Compl.; Reviewed pleadings in Del. & CA cases in preparation for depo. on 11/14 or 11/15. | $485.00 | 3.30 | $1,600.50 |
| 11/09/2012 | LCL | DIS | Received, reviewed & responded to GFB correspondence re: non-availability of depo. info.; Reviewed MOU; received, reviewed, & responded to GFB correspondence enclosing for-attorneys-eyes only docs & analyzed same. | $485.00 | 3.10 | $1,503.50 |
| 11/12/2012 | LCL | DIS | Received & reviewed GFB correspondence to expert & client re: conference call on 11/13 re: confirmatory dep.; Drafted responsive GFB correspondence re: same; Conferred w/GFB telephonically re: confirmatory dep.; Completed redline comparison of proxy & 8/16 Form 8-K. | $485.00 | 1.50 | $727.50 |

Case 5:12-cv-03937-LHK Document 56 Filed 01/24/14 Page 43 of 45

## Network Equipment Technologies

| 11/13/2012 | LCL | DIS | Received & reviewed GFB correspondence enclosing prev. conf. call expert notes; participated in conf. call re: bankers & director confirmatory deps.; Rec'd, reviewed & responded to co-counsel correspondence re: dial in number for deps.; Drafted GFB correspondence re: bifurcation of depos btwn. co-counsel and scheduling of director depo.; Received, reviewed & responded to GFB correspondence enclosing N.D. Cal. protective order & received & reviewed responsive GFB correspondence; Received & reviewed GFB correspondence re: scheduling of director depo. & calendared info re: same; Received, reviewed & responded to GFB correspondence re: status of dep. prep.; Drafted proposed questions in conjunction with review of proxy, Cal. Fed. Compl., and disclosed docs; Drafted GFB correspondence enclosing same. | $485.00 | 4.20 | $2,037.00 |

## Network Equipment Technologies

| Date | | | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|---|
| 11/14/2012 | LCL | DIS | Received & reviewed GFB correspondence re: proposed confirmatory dep. questions on 11/15 enclosing addt'l questions; conferred w/co-counsel re: JMP depo; Received & reviewed co-counsel correspondence re: same; Received, reviewed & responded to GFB correspondence re: deployment of client queries at confirmatory depo. on 11/15; Drafted opc correspondence enclosing tentative confirmatory depo. exhibits; Received & reviewed responsive opc correspondence re: same; Received & reviewed rough transcript of JMP depo.; Conferred w/JBS re: draft confirmatory depo. questions; Drafted GFB correspondence re: possible NET offer to buy Cisco for $100 mil & received and reviewed responsive GFB correspondence; Drafted co-counsel correspondence re: ct. reporter contact info; Received & reviewed responsive correspondence re: same; Reviewed CDT/MDT distinction for start-time of confirmatory dep. on 11/15; Conferred telephonically w/opc re: confirmatory depo. on 11/15; Drafted ct. reporter correspondence enclosing confirmatory depo. exhibits; Received & reviewed responsive ct. reporter correspondence; Revised proposed depo. questions pursuant to conference w/JBS; Drafted GFB correspondence re: alleged licensing agreement for Cisco source code; Drafted GFB correspondence enclosing latest draft of confirmatory depo. questions. | $485.00 | 8.50 | $4,122.50 |
| 11/15/2012 | LCL | DIS | Finalized questions for telephonic Laube depo.; Conferred w/opc re: timing of Laube depo. & use of 2006 10-K as Exhibit 2; Made preparations for use of conf. room w/legal asst. MMZ for telephonic Laube depo.; Conducted Laube depo.; drafted follow-up co-counsel correspondence; Received, reviewed & responded to opc correspondence enclosing protective order; Received, reviewed & responded to GFB correspondence re: NET's valuation of Cisco license; Conferred w/JBS re: Laube depo. | $485.00 | 5.50 | $2,667.50 |
| 11/19/2012 | LCL | DIS | Received, reviewed & responded to GFB correspondence re: availability of rough depo. transcript. | $485.00 | 0.30 | $145.50 |
| 11/20/2012 | LCL | DIS | Received & reviewed opc & GFB correspondence re: letter to Delaware VC re: status of settlement. | $485.00 | 0.30 | $145.50 |

| 1/17/2014 | | | Pomerantz Grossman Hufford Dahlstrom & Gross LLP<br>Hours and Amount by Current Rate<br>From 1/1/1995 to 2/20/2013 | | | Page 6 of 6 |
|---|---|---|---|---|---|---|

**Network Equipment Technologies**

| 12/07/2012 | LCL | SET | Received & reviewed bill for 11/15 Laube depo. & ensured fwd'ing of same to S. Dolgin. | $485.00 | 0.20 | $97.00 |
|---|---|---|---|---|---|---|
| Perrone, Laura M. | | | Associate | $530.00 | 2.50 | $1,325.00 |
| 08/15/2012 | LMP | DIS | reviewed and compared valuation dosclosures in Proxy vs. discussions in produced docs. | $530.00 | 2.50 | $1,325.00 |
| Weinstein, Jacob Z. | | | Staff Attorney | $290.00 | 2.00 | $580.00 |
| 08/16/2012 | JZW | | drafting informative letter to VC Laster about settlement | $290.00 | 2.00 | $580.00 |

|  |  |  | ATTORNEY TOTAL | | 144.00 | $75,666.50 |
|---|---|---|---|---|---|---|

| PARALEGAL AND LEGAL ASSISTANTS | | | STATUS | CURRENT<br>RATE | HOURS | CURRENT<br>TOTAL |
|---|---|---|---|---|---|---|
| Zehel, Megan | | | Paralegal | $245.00 | 0.30 | $73.50 |
| 11/19/2012 | MZ | DIS | Received, reviewed & responded to GFB correspondence re: availability of rough depo. transcript. | $245.00 | 0.30 | $73.50 |

|  |  |  | PARALEGAL AND LEGAL ASSISTANTS TOTAL | | 0.30 | $73.50 |
|---|---|---|---|---|---|---|

|  |  |  | FIRM'S TOTAL | | 144.30 | $75,740.00 |
|---|---|---|---|---|---|---|