**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SUZANNE NEWMAN, Individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**NETWORK EQUIPMENT TECHNOLOGIES, INC., DAVID WAGENSELLER, DIXON R. DOLL, C. NICHOLAS KEATING, JR., FREDERICK D'ALESSIO, DAVID R. LAUBE, SONUS NETWORKS, INC., and NAVY ACQUISITION SUBSIDIARY, INC.,**

**Defendants.**

**CASE NO. 12-CV-03937-LHK**

**CLASS ACTION**

**ORDER AND FINAL JUDGMENT**

**Complaint Filed: July 26, 2012**

The Stipulation of Settlement dated February 20, 2013 (the "Stipulation") of the above-captioned action (the "Action"), and the settlement contemplated thereby (the "Settlement") having been presented at the Settlement Hearing on January 16, 2014, pursuant to the Scheduling Order entered herein on August 2, 2013 (the "Scheduling Order") and the Court having determined that notice of said hearing was given to the Class in accordance with the Scheduling Order and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the Settlement of the

Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this 28th day of January, 2014, as follows:

1. Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2. The Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear ("Notice") has been given to the Class (as defined below) pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice has been filed with the Court and a full opportunity to be heard has been offered to all parties to the Action, the Class and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

3. Based on the record of the Action, the Court hereby finds, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

a. that (i) the Class, as defined below, is so numerous that joinder of all members is impracticable, (ii) there are questions of law and fact common to the Class, (iii) the claims of Plaintiffs are typical of the claims of the Class, and (iv) Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests of the Class;

b. that the requirements of Rule 23(a) and (b) of the Federal Rules of Civil Procedure have been satisfied;

c. that the requirements of the Federal Rules of Civil Procedure and due process have been satisfied in connection with the Notice;

d. that the Action is hereby certified as a non-opt out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure with the class defined as all record and beneficial

holders of NET common stock, their respective successors and predecessors in interest, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, together with their predecessors and successors and assigns, who held NET common stock at any time between and including June 18, 2012 and August 24, 2012, but excluding Defendants and their respective affiliates; and

e. that Plaintiff is hereby certified as the Class representative, and Plaintiffs' Counsel are certified as Class Counsel.

4. The Settlement is found to be fair, reasonable and adequate and in the best interests of the Class, and it is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the terms and provisions of the Stipulation, and the clerk for the Northern District of California Court is directed to enter and docket this Order and Final Judgment in the Action.

5. This Order and Final Judgment shall not constitute any evidence or admission by any of the Parties herein that any acts of wrongdoing have been or have not been committed by any of the Parties to the Action and should not be deemed to create any inference that there is any liability or lack of any liability therefor.

6. The Action is hereby dismissed with prejudice in its entirety as to the Defendants and against Plaintiffs and all other members of the Class on the merits and, except as provided in the Stipulation, without costs.

7. Any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in the Action or in any other court, tribunal or proceeding (including but not limited to any claims arising under federal, state, foreign

or common law, including the federal securities laws and any state disclosure law) by or on behalf of Plaintiffs, the Class, or any member of the Class, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity (collectively, the "Releasing Persons") against Defendants, or any of their families, parent entities, controlling persons, associates, affiliates, successors or subsidiaries, and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, insurers, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons"), which have arisen, could have arisen, arise now or hereafter may arise out of or relate in any manner to the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations or omissions or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to (i) the allegations in the Action; (ii) the merger agreement, announced on June 19, 2012 (the "Merger Agreement"), whereby Sonus was to acquire NET in a cash merger at a purchase price of $1.35 per share (the "Transaction"), and the transactions contemplated therein; or (iii) disclosures made in connection with the Transaction (including the adequacy and completeness of such disclosures) (collectively, the "Released Claims") are fully and completely discharged, dismissed with prejudice on the merits, settled and released; provided, however, that the Released Claims shall not include any claims to enforce the Settlement or any claims for appraisal properly asserted by NET stockholders.

8. Any and all claims by the Released Persons arising out of the commencement, prosecution, settlement or resolution of the Actions against Plaintiffs, members of the Class and their counsel are hereby fully and completely settled and released; provided, however, that the Defendants and Released Persons shall retain the right to enforce the terms of the Stipulation.

9. The release contemplated by the Settlement extends to all Released Claims, known

or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery of additional or different facts. The releases contemplated by the Stipulation shall extend to claims that the Releasing Persons do not know or suspect to exist at the time of the release, which if known, might have affected their decision to enter into the release or whether or how to object to the Settlement. The Settlement hereby extinguishes all Released Claims, and the Releasing Persons shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, foreign law or any principle of common law that may have the effect of limiting the releases set forth above. The Releasing Persons shall be deemed to relinquish, to the extent applicable, and to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which states that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Persons shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. The Releasing Persons acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this Settlement, but that it is their intention to fully, finally, and forever settle and release any and all claims released hereby, whether known or unknown, suspected or unsuspected, which now exist or heretofore existed or may hereafter exist and without regard to the subsequent discovery or existence of such additional or different facts.

10. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of $250,000, inclusive of expenses, which amount the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' Counsel in accordance with the terms of the Stipulation. Plaintiffs' Counsel's lodestar through the date of the settlement, February 20, 2013, is $238,848.25. The requested

attorneys' fees of $250,000 represent a multiplier of approximately 1.04. However, the lodestar only includes the hours billed up to the date of the settlement on February 20, 2013. Plaintiffs' Counsel did additional work after February 20, 2013, including work on preliminary approval and final approval of the settlement. If Plaintiffs' Counsel included their time after February 20, 2013, in their lodestar, Plaintiffs' Counsel's actual total lodestar is even greater, and thus the multiplier is even less than 1.04.

11. Plaintiffs and the members of the Class, and any of their respective representatives, trustees, successors, heirs and assigns, are hereby individually and severally permanently barred and enjoined from instituting, commencing, prosecuting, participating in or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively or in any other capacity, against any of the Released Persons, based upon, arising out of, or in any way related to or for the purpose of enforcing any Released Claim, all of which Released Claims are hereby declared to be compromised, settled, released, dismissed with prejudice and extinguished by virtue of the proceedings in this Action and this Order and Final Judgment.

12. The effectiveness of the provisions of this Order and Final Judgment and the obligations of the Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiffs' counsel's application for an award of attorneys' fees and expenses.

13. Without affecting the finality of this Order and Final Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

14. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 28, 2014

Lucy H. Koh

Hon. Lucy H. Koh
United States District Judge